Argued November 12, affirmed December 2, 1959

# HALL, Administartor *v.* TAMS
### 346 P. 2d 1115

*Ben Anderson* argued the cause for appellant. On the brief were Anderson, Franklin & O'Brien, Portland.

*John T. Foss* and *Wallace A. Johansen,* Coos Bay, argued the cause for respondent. On the brief were McKeown, Newhouse & Johansen, Coos Bay.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL and REDDING, Justices.

O'CONNELL, J.

Plaintiff is the administratrix of the estate of her husband William Hall, who was killed in an automobile accident allegedly caused by defendant's negligent conduct. There was a verdict and judgment for defendant from which she appeals.

The accident occurred in the evening of September 8, 1956 on state highway No. 42 about two and one-half miles east of Myrtle Point. The decedent Hall lived on the north side of the highway. On the evening in question as Hall, proceeding easterly, attempted to make a left hand turn into his driveway his car was struck by a westbound car driven by Byron Nordstrom. As a result of the impact the Nordstrom

car swerved off the south side of the highway about 100 feet west of Hall's residence. When the Nordstrom car came to rest the rear wheels extended about two to four feet on to the south or eastbound lane of traffic, the front of the car facing south.

The decedent, whose car came to rest on the north side of the highway, started to cross the highway and at the same time Nordstrom started walking toward Hall's car. Nordstrom and Hall met in the middle of the highway where they discussed the accident. Nordstrom then left Hall and walked to the front end of his car. In the meantime, defendant was driving his car in an easterly direction. As he came around a sweeping curve just west of Nordstrom's car he dimmed his lights to meet the oncoming traffic traveling to the west. He first saw the headlights of the oncoming traffic just as he was rounding the curve. He testified that "all of a sudden" he saw the Nordstrom car partly on the highway and that "I no more than saw the car there than I hit." Defendant's car struck the rear end of Nordstrom's car and the impact caused defendant's car to veer to the left and strike a car proceeding westerly. He stated that as he came to rest he could see Hall's body "going through the air beyond my vehicle." Hall died as a result of being struck by defendant's car.

The plaintiff presents three assignments of error. The first of these is directed at the following instruction:

"Another thing I wish to mention to you, and that is the question of intoxicating liquor. That is not pleaded and there has been no proof of intoxicating liquors having any part at all in this case, and you will absolutely put that out of your minds so far as determining this case is concerned, it has no bearing one way or the other on the case."

An exception to the instruction was taken on the ground that plaintiff was not required to plead intoxication and on the further ground that there was evidence from which the jury could draw an inference of defendant's intoxication. More specifically, plaintiff argues that the instruction prejudiced her by intimating that her failure to plead intoxication barred her from submitting proof on the question.

■■ Evidence tending to show intoxication is admissible though not specially pleaded. *Walker v. Penner,* 190 Or 542, 227 P2d 316 (1951). But plaintiff was not precluded by the trial court from presenting evidence of intoxication. Viewed in the light most favorable to the plaintiff, the evidence presented was not sufficient to warrant an inference of defendant's intoxication. Therefore, the instruction could not have harmed plaintiff's case. The only evidence having any bearing on intoxication was the defendant's own admission that he had drunk one beer at lunchtime on the day of the accident and that he had purchased a bottle of whiskey that evening at about eight o'clock in Myrtle Point. The accident occurred sometime between eight and nine o'clock. There is no evidence that the defendant had drunk anything during the time he was in Myrtle Point, either before or after he purchased the whiskey. Defendant was not questioned as to whether or not he opened the bottle of whiskey. There were no indicia of drunkenness. To infer from these facts that defendant was operating his car under the influence of intoxicating liquor would involve too great a measure of speculation.

Plaintiff relies upon *Walker v. Penner,* supra. In that case it was shown that defendant asked plaintiff and another person to "keep still about his drinking." An uncorked whiskey bottle with its contents almost gone and a "Par-T-Pak" bottle were found

in the front seat of defendant's car. Defendant testified that he had been to a club and to a dance shortly before the accident. There was other evidence in that case tending to show that defendant was intoxicated. It was held that there was sufficient evidence of intoxication to gó to the jury. The evidence in that case invited the inference of intoxication. In the case at bar we have nothing substantial from which to draw the inference. The trial court correctly withheld the question of intoxication from the jury.

Under the second assignment of error, plaintiff asserts that the court erred in instructing the jury on contributory negligence. It is contended that there was no evidence of negligence on the part of the decedent, William Hall. The evidence tending to show the decedent's negligent conduct was as follows:

Mr. Joseph Beale, who was present at the time the fatal accident occurred, testified as follows:

> "a. He [decedent] had been talking to Nordstrom and they had evidently ceased their conversation, and he started around the Buick, and when he saw these headlights he flattened himself over the trunk to make himself as small as he could, and the next thing I knew he was riding on the front end of the Oldsmobile, and then he was on the pavement, down the road."

Mrs. Beale testified that decedent was standing to the west of the Nordstrom car and that when he saw the lights from defendant's car decedent swung over the edge of the car to avoid being struck by the defendant's car. On cross-examination Mrs. Beale testified as follows:

> "q. When he swung on the Buick trunk, as you say, which direction was he headed, across the highway?
> "a. No, he started like he was going down the highway and cross in to his own house."

Alfred Nordstrom testified as follows:

"a. Yes—I looked around when I heard the [defendant's] brakes going on, I thought he was stopping. Then he skidded, sort of, and hit the back corner of my father's car, and Mr. Hall was walking across the highway towards his car—

"q. Did you see Mr. Hall walking on the highway?

"a. Yes.

"q. Did you see him just at the moment of the impact?

"a. Yes.

"q. Can you state to the jury where you saw Mr. Hall in the highway at the time Mr. Tams' car struck him?

"a. Well—

"q. As well as you can.

"a. Well, about four feet from the yellow line, the way it looked to me—

"q. About four feet from the yellow line?

"a. Yes, it might have been a little over that.

"q. In which lane of traffic did you see him at that time?

"a. That would have been in the right lane, going towards Powers.

"q. Was that in the lane of traffic that Mr. Tams' car was travelling?

"a. Yes.

Defendant testified that he first saw Hall standing in the eastbound lane of traffic about three or four feet north of the south edge of the traveled portion of the highway. According to defendant's testimony decedent was looking toward the front of the Nordstrom car.

■ From the foregoing testimony it would not be unreasonable for a jury to decide that the decedent was negligent in attempting to cross the highway

(accepting Alfred Nordstrom's testimony) or in walking with his back to oncoming traffic (accepting Mrs. Beale's testimony (or in standing in a place of danger on the traveled portion of the highway (accepting defendant's testimony).   See ORS 483.210(2); ORS 483.220; *Lemmons et al v. Holland et al.,* 205 Or 163, 284 P2d 1041, 286 P2d 656 (1955).

We hold, therefore, that no error was committed in submitting the issue of contributory negligence to the jury.

■ Finally it is contended that the court erred in instructing the jury as follows:

"Also in this case there has been some testimony that would indicate or might indicate, and it would be a question of fact for you to determine, that an emergency existed, not only from the standpoint of the defendant but also from the standpoint of the decedent, Hall.  I instruct you that in case of an emergency arising, the party is not required to use the same judgment, the same type of judgment, as a person would use under ordinary conditions.  It would be a question of what a reasonable prudent person, what judgment or care they would use, under the same conditions, of emergency, that then existed, if you find that an emergency did exist, and that same rule would apply to the driver of the car and it would apply to the plaintiff's decedent, Hall, on whether or not he made an attempt to get out of the way, and so forth, the emergency, conditions would be considered by you, if there— if you find there was an emergency, and it would be what a reasonable prudent person would do under those same conditions as you find to exist.

"I call this one further thing to your attention in regard to emergency, and it would apply to either party.  If you find that either party created the emergency, then they cannot take advantage of it. If it is by their own carelessness or negligence or violation of law that the emergency was created,

if there was an emergency, then the party creating it could not take advantage of it."

Plaintiff argues that this instruction was prejudicial in that the jury could infer from the instruction that the decedent created the emergency by colliding with the Nordstrom car prior to the accident. It is further argued that the emergency was the result of the sole negligence of the defendant, and therefore, he was not entitled to invoke the emergency doctrine. *Schutt v. Hull,* 193 Or 18, 236 P2d 937 (1951). Plaintiff's argument rests upon the assumption that defendant was negligent as a matter of law and that plaintiff was free from negligence as a matter of law. We do not agree with the assumption. The facts were such as to create an emergency for defendant and decedent. The trial court was justified in giving the instruction.

The judgment is affirmed.