Argued October 26, 1970, reversed and remanded as to Kenney, affirmed for Rogers, January 27, 1971

## ELLIOTT, *Appellant, v.* ROGERS CONSTRUCTION, INC. ET AL, *Respondents.*

479 P2d 753

*Robert J. Morgan*, Milwaukie, argued the cause for appellant. With him on the brief were Erlandson & Morgan, and Roger P. Mundorff, Milwaukie.

*Cleveland C. Cory*, Portland, argued the cause for respondent Rogers Construction, Inc. With him on the brief were Davies, Biggs, Strayer, Stoel & Boley, and Clarence R. Wicks, Portland.

*James H. Clarke*, Portland, argued the cause for respondent Fredrick Larry Kenney. With him on the brief were McColloch, Dezendorf, Spears & Lubersky, and Richard S. Borst, Portland.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

BRYSON, J.

This is an action for wrongful death by plaintiff,

administratrix of her deceased husband's estate. The deceased, Otis Ward Elliott, was killed when struck by an automobile operated by defendant Kenney while defendant Kenney was on his way to work for defendant Rogers Construction, Inc. The accident occurred adjacent to Viento State Park on United States Highway 30 about 6:30 a.m. on September 20, 1967.

Defendant Rogers Construction, Inc., had a contract with the Oregon State Highway Department to widen U. S. Highway 30 from two to four lanes. The two lanes of traffic open to the public ran next to the Columbia River and north of the two new lanes under construction. (Viento State Park existed on both sides of Highway 30.) The deceased was employed by the Park Division, Oregon State Highway Department, as Park Supervisor of Viento State Park. The State Highway Department provided the deceased a home on the north or river side of the highway directly across from fifteen campsites and the tool shed and equipment storage building on the south side of the highway. The accident occurred opposite the deceased's house as he was crossing a portion of the new roadway, not open to the public for vehicular traffic, on his way to the tool shed and equipment storage building.

The plaintiff alleges that each defendant was negligent and Rogers Construction, Inc., negligent in further separate specifications. In Count Two plaintiff alleges that each defendant was grossly negligent as set forth later in this opinion. The defendants entered general denials and affirmatively charged the plaintiff's decedent with contributory negligence and gross negligence.

The case was tried before a jury. At the conclusion of plaintiff's case, on motion by each defend-

ant, the trial court entered judgment of involuntary nonsuit against the plaintiff and in favor of each defendant.

Plaintiff contends that the trial court erred in ruling that defendant Kenney, as a matter of law, was not acting in the course and scope of his employment with Rogers Construction at the time of the accident.

Both parties rely upon *Hantke v. Harris Ice Machine Works*, 152 Or 564, 54 P2d 293 (1936). At 568 this court held:

> "It is a general rule that an accident does not arise in the course of employment when it occurs while the employee is on his way to work and before he has reached the premises of the employer or the place where his work is to be done.

> "The exceptions to this rule are, where the employer furnishes transportation to the place of work or the employee travels over a way expressly or impliedly authorized or acquiesced in by the employer, or while the employee is traveling upon the premises of the employer, or is coming from a place maintained by the employer for the use of the employees as an incident of their employment; or where the employee is using an automobile or other vehicle furnished by the employer or bringing property or money or some report or other document or message connected with or pertaining to the employer's business; or when the master controls or has the right to control the conduct of the servant."

The evidence discloses defendant Kenney was employed by Rogers Construction, Inc., as a laborer uncovering and moving grade stakes. He commuted daily in his own car from his residence at Mosier, Oregon, to the job site. He was some six to eight

miles from the job site at the time of the accident, which occurred about 6:30 a.m., and he was to start work at 7:00 a.m. He was not paid nor reimbursed for his travel or car expense. He was on the uncompleted section of the roadway which Rogers Construction was completing for the Oregon State Highway Department.

Plaintiff claims this case falls within two exceptions of *Hantke v. Harris Ice Machine Works, supra*: "while the employee is traveling upon the premises of the employer," and "or when the master controls or has the right to control the conduct of the servant."

To buttress his position that defendant Kenney was traveling upon the premises of the employer, plaintiff cites *Kowcun v. Bybee,* 182 Or 271, 186 P2d 790 (1947).

*Kowcun* was a workmen's compensation case and one of the questions was whether plaintiff sustained the injury in the course and scope of her employment. However, the case can be distinguished on the facts. In *Kowcun,* the employer owned and provided a parking lot for employees. The plaintiff had parked her car in the employer's lot and was proceeding to the main gate when struck by a car. The employee had arrived at her place of employment and was proceeding as directed by the employer.

On the other exception, in *Hantke* "when the master controls or has the right to control the conduct of the servant," plaintiff relies upon *Cook v. United States,* 240 F Supp 353 (D Or, 1964); *Kowaleski v. Kowaleski,* 235 Or 454, 385 P2d 611 (1963); *Barry v. Oregon Trunk Railway,* 197 Or 246, 253 P2d 260 (1953); *Knapp v. Standard Oil Co. of California,*

156 Or 564, 68 P2d 1052 (1937); *Tyler v. Moore*, 111 Or 499, 226 P 443 (1924). Each of these cases can be distinguished on the facts from the case at bar.

In *Kowaleski* and in *Gossett v. Simonson*, 243 Or 16, 411 P2d 277 (1966), we approved the definition of scope of employment in the Restatement of Agency 2d, § 228, p. 504,

"General Statement

"(1) Conduct of a servant is within the scope of employment if, but only if:

"(a) it is of the kind he is employed to perform;

"(b) it occurs substantially within the authorized time and space limits;

"(c) it is actuated, at least in part, by a purpose to serve the master, and

"(d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.

"(2) Conduct of a servant is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master."

■ The exception, as noted in *Hantke*, as to when the master controls or has the right to control the conduct of the servant, has reference to the servant's duties. If the servant has not directly or indirectly entered upon his duties, the exception is not applicable. A plaintiff seeking damages from a servant's employer must prove that the harm-producing activity was in furtherance of the employer's business and that the employer had the right to exercise some degree of control over the workman in the conduct of such activity. *Gossett v. Simonson, supra.*

Here, as mentioned earlier, defendant Kenney had not entered upon his duties and was performing no act for the benefit of Rogers Construction. The act of defendant Kenney driving his own car in the manner he did at the time of the accident had no connection with the work he was to perform for Rogers Construction, beginning one-half hour later. A supervisor of Rogers Construction knew that defendant Kenney and some other employees who lived east of the job site used the roadway, not open to the public, to reach the job site. However, there is no evidence that they did or could control them, and such employees could drive on U. S. Highway 30 to reach the job site via an underpass which was provided. The underpass was west from the scene of the accident.

■ We find that the court correctly decided the matter as a question of law and Rogers Construction, Inc., is not liable under the doctrine of *respondeat superior*.

The court, as a further basis for allowing Rogers Construction, Inc.'s motion for involuntary nonsuit, ruled that plaintiff's decedent was a trespasser or licensee and not entitled to recover as plaintiff did not allege any gross negligence or wanton misconduct on the part of defendant Rogers Construction, Inc. Plaintiff also assigns this as error.

In Count Two of the complaint, plaintiff alleges:

"That the defendants, and each of them, were grossly careless, reckless and negligent, and that defendants showed a reckless and wanton indifference to the rights of others in one or more of the following particulars, to-wit:

"(1) In operating his vehicle at a highly ex-

cessive and dangerous rate of speed under the circumstances then and there existing, to-wit: at a speed of approximately 85 miles per hour.

"(2) In failing to keep his vehicle under proper or any control.

"(3) In failing to keep a proper or any lookout."

■ It is easily observed that each of the above allegations refer to the manner in which defendant Kenney was operating his vehicle. We have already concluded that Kenney was not acting in the scope of his employment for Rogers Construction at the time of the accident. Thus, defendant Rogers Construction could not be responsible in a *respondeat superior* sense for the manner in which Kenney drove his vehicle, whether it was driven in a negligent or grossly negligent manner.

Based on the above reasoning, we conclude that the trial court was correct in ruling that there was no gross negligence or wanton misconduct on the part of defendant Rogers Construction, Inc.

In addition to charging defendant Rogers Construction with gross negligence, as set forth above, plaintiff also charges defendant Rogers Construction with separate acts of negligence as follows:

"1. In failing to properly control, [and] supervise vehicular traffic on said section of unopened roadway, particularly that of the defendant Kenney.

"2. In failing to post adequate signs, barricade or other warning devices about vehicular traffic using said unopened section of roadway.

"3. In failing to instruct, supervise, and control defendant Kenney on the vehicular use of said unopened section of asphalt roadway."

We can assume from the evidence that the State Highway Department was the owner of the land and that Rogers Construction, Inc., had a contract to complete the unfinished section of the roadway. The contract between Rogers Construction and the State Highway Department was not offered in evidence.

There is no evidence of any rights reserved by the State Highway Department for its employees on the unfinished roadway. It is difficult to determine from the record if Rogers Construction, Inc., had the exclusive right to control the unfinished roadway. Evidence does disclose that surveyors and engineers of the State Highway Department were upon the roadway; that Rogers Construction, Inc., knew the deceased Elliott and other Park Department employees were crossing the roadway and moving the truck and mowing machine across the roadway, although they could have used the underpass further west as previously mentioned. It can also be assumed that the deceased Elliott had some knowledge of Rogers Construction, Inc., employees using the unfinished roadway since he lived and worked immediately adjacent to the unfinished roadway.

Both parties agree that the accident occurred on the unopened roadway and that this portion of the roadway was not a highway as defined by ORS 483.010 (2).

Prosser on Torts (3d ed 1964) § 60, at 385, 387 states:

"In its broadest sense, the term 'licensee' includes anyone who has a license, which is to say a privilege, to enter upon land. It has sometimes been employed to designate any person who comes upon the land with a privilege arising from the consent of the possessor, including all invitees. But as the word is most commonly used by the

courts, it is limited to those who enter with that consent and nothing more.

"Such a person is not a trespasser, since he is permitted to enter; but he comes for his own purposes rather than for any purpose or interest of the possessor of the land. He has only the consent to distinguish him from a trespasser; and for this reason he is sometimes unflatteringly referred to as a 'bare' or a 'naked' licensee. He receives the use of the premises as a gift, and comes well within the old saying that one may not look a gift horse in the mouth. He has no right to demand that the land be made safe for his reception, and he must, in general, assume the risk of whatever he may encounter, and look out for himself.

"* * * * *

"* * * The permission may of course be tacit, and may be manifested by the defendant's conduct * * *."

A licensee is one who comes upon the premises for his own purposes with the consent of the possessor. *Rich v. Tite-Knot Pine Mills*, 245 Or 185, 191, 421 P2d 370 (1966).

We conclude that both deceased Elliott and defendant Kenney were licensees upon the unopened roadway.

As to the duty owed to a licensee by an owner or occupant of land, it is generally stated that no duty exists toward a mere, bare, or gratuitous licensee, or licensee by permission, except to refrain from willfully or wantonly injuring him, or, as otherwise stated, to refrain from injuring the licensee through such gross negligence as is equivalent to willfulness or wantonness. 65 CJS *Negligence* § 63 (32)[1].

---

[1] The owner or occupant of land also owes a duty to a licensee not to injure the licensee through active or affirmative

■ Cases from other jurisdictions and legal writers do not treat a contractor as an occupier of land but they do say he is clothed with the same immunity as the occupier in respect to his duty of care toward trespassers or licensees upon the land.

*Prosser*, speaking of the land occupier's defense in terms of an immunity, says that the immunity "* * * is shared, of course, by members of the possessor's household, by his servants in the course of their employment, and by contractors who are doing work for him on the land. * * * Here again, as in the case of trespassers, the immunity is limited to persons in possession or those acting on their behalf, * * *." Prosser, *Torts* 367, 385 (3d ed 1964).

The Restatement approach is to the same effect.

"One who on behalf of the possessor of land erects a structure or creates any other condition on the land is subject to the same liability and enjoys the same freedom from liability, as though he were the possessor of the land * * *." Restatement (Second) *Torts* § 384 (1965).

Comment (h) to the above-quoted section says that:

"* * * the servant or contractor, like the possessor of land is not required to exercise care to prepare a safe place in which to receive licensees. Like the possessor, he is only required to warn them of dangerous conditions of which he knows and of which they are unlikely to be aware."

Cases holding to the same effect are: *Ireland v. Complete Machinery & Equipment Co.*, 174 Misc.

---

negligence, and to warn of any pitfall or trap known to occupant which might cause injury to the licensee notwithstanding the use of reasonable care or skill. Blystone v. Kiesel, 247 Or 528, 431 P2d 262 (1967). However, the facts of this case do not concern pitfalls or active negligence.

91, 21 NYS 2d 430 (1940), wherein the court stated the independent contractor "clothed with the rights of the owner" was only under a duty to plaintiff licensee to abstain from inflicting injury willfully or by active negligence. One who occupies land (contractor) at invitation of owner and for purpose of conferring benefit upon owner should not be required to assume any greater burden of care to prevent injury to licensee than that borne by the owner; *Murphy v. Boston & M.R.R.*, 248 Mass 78, 142 NE 782 (1924); *Mikaelian v. Palaza*, 300 Mass 354, 15 NE 2d 480 (1938).

■ Thus, it can be said that defendant Rogers Construction was not required to prepare a safe place to receive the deceased Elliott. Being "clothed with the rights of the owner," Rogers Construction was only under a duty to the plaintiff's decedent to abstain from inflicting injury willfully or by active negligence. For these further reasons we conclude that the trial court was correct in granting a nonsuit in favor of defendant Rogers Construction.

We find that the trial court erred in allowing a nonsuit in favor of defendant Kenney.

The plaintiff alleges both simple negligence and gross negligence with reckless and wanton indifference on the part of defendant Kenney. As previously stated, both deceased Elliott and defendant Kenney were licensees upon the unopened roadway.

■ The duty or standard of care owed by one licensee to another licensee, both on the same land, is to use reasonable care, not to inflict injury on the other. 65 CJS *Negligence* 63 (32); *Coyne v. Pennsylvania R. Co.*, 87 NJL 257, 93 A 595 (1915); *Duel v.*

*Mansfield Plumbing Co.*, 86 NJL 582, 92 A 367 (1914);
*Guinn v. Delaware & Atlantic Telephone Co.*, 72 NJL
276, 62 A 412 (1905).

■ Plaintiff does allege lack of reasonable care
on the part of defendant Kenney and there is suf-
ficient evidence to require submitting the matter to
the jury.

Plaintiff also assigns as error the court's rul-
ing that plaintiff's decedent Elliott was contributorily
negligent as a matter of law. We believe the court
erred in this respect. This court, in *Keys v. Griffith*,
153 Or 190, 195, 55 P2d 15 (1936) has stated:

> "It has been repeatedly held by this court and it
> seems to be the rule generally that, when a pedes-
> trian, who is about to cross a street or highway,
> sees an automobile approaching at such a distance
> from him that would lead a reasonable person to
> believe he can cross in safety, he has a right to
> proceed without waiting for the automobile to
> pass, and is not guilty of contributory negligence
> in so doing. The question in such a case is: Did
> the pedestrian use that degree of care for his
> own safety which an ordinarily prudent person
> would use in the same place and under the same
> conditions? And ordinarily this is a question of
> fact for the jury and not one for the court. [Citing
> cases.]"

This was affirmed again in *Lantis v. Bishop*, 224
Or 586, 356 P2d 158 (1960). See cases collected
therein.

■ Because this case will be retried as to defend-
ant Kenney, we call attention to *Zumwalt v. Lindland*,
239 Or 26, 32, 396 P2d 205 (1964); *Cook v. Kinzua
Pine Mills Co.*, 207 Or 34, 293 P2d 717 (1956); *Falls
v. Mortensen*, 207 Or 130, 139, 295 P2d 182 (1956), to

the effect that if plaintiff establishes her claim of wanton misconduct on the part of defendant Kenney, as alleged, the defense of contributory negligence would not be available to defendant Kenney.

The case is affirmed as to defendant Rogers Construction, Inc., and reversed as to defendant Fredrick Larry Kenney and remanded for a new trial in conformance with this opinion.

TONGUE, J., concurs in the result.