Argued March 13, affirmed April 11, 1974

ABEL, *Appellant, v.* CONE, *Respondent.*

520 P2d 899

*Alonzo P. Stiner,* Portland, argued the cause for

appellant. With him on the briefs were Lovett, Stiner & Fasano, Portland.

*George M. Joseph,* Portland, argued the cause for respondent. With him on the brief were James G. Breathouwer and Bemis, Breathouwer & Joseph, Portland.

## TONGUE, J.

This is an action for damages for personal injuries sustained in an automobile accident. The case was tried before a jury, which returned a verdict for the defendant. Plaintiff appeals from the resulting judgment. We affirm.

Plaintiff contends that under the pleadings and facts in this case the trial court erred in refusing to give plaintiff's requested instruction on intoxication.

Plaintiff was riding as a passenger in an automobile proceeding west on Southeast Powell Boulevard in Portland and which had stopped at the intersection of 82nd Avenue, waiting for the traffic to clear before making a left turn on that street.

Defendant was the driver of an automobile proceeding east on Powell Boulevard in the outside or right-hand lane at about 30 miles per hour. As he approached the intersection of 82nd Avenue another car ahead of him had stopped at that intersection in the inside or left-hand lane.

Defendant passed the car stopped in the left-hand lane and proceeded through the intersection. He testified that he did not see the car in which plaintiff was riding as it started to make a left turn at that intersection until seconds before the impact.

Defendant admitted that he had "four or five" bottles of beer at a tavern earlier that evening. Beer bottles were also found in his car after the accident. Defendant could not recall where he had been during that evening other than at the tavern and "driving around."

Plaintiff's complaint did not allege that defendant was intoxicated but alleged, among other things, that he was negligent with respect to speed, lookout and control.

Plaintiff requested that the court give Oregon Uniform Jury Instruction No. 12.01 that:

"The care required of a person who has become intoxicated is the same as that required of one who is sober. Failure by a person to use that degree of care which an ordinarily prudent sober person would use under the same or similar circumstances would constitute negligence."

Plaintiff's theory is that evidence of intoxication was admissible under the "control allegation" and was a circumstance to be considered by the jury in determining whether defendant was negligent. Plaintiff contends that the court's failure to so instruct the jury prevented the jury from being informed of the law regarding plaintiff's theory of the case and thereby deprived plaintiff of a fair trial.

■ It is true that in such a case the plaintiff need not plead that defendant was intoxicated in order to offer evidence of drinking under an allegation that defendant failed to maintain a proper control over his vehicle, as held in *Walker v. Penner,* 190 Or 542, 550, 227 P2d 316 (1951), cited by plaintiff.

It may be that in such a case the plaintiff would be entitled to an instruction, on proper request,

that the jury could consider evidence of defendant's drinking for what bearing it might have on defendant's ability to keep his vehicle under control. See *Willoughby v. Driscoll,* 168 Or 187, 198, 120 P2d 768, 121 P2d 917 (1942). Cf. *State v. Hodgdon,* 244 Or 219, 226-27, 416 P2d 647 (1966). But see *Hall v. Tams,* 219 Or 263, 266, 346 P2d 1115 (1959).

No such instruction was requested in this case. The instruction requested by plaintiff would not have explained this to the jury, but was a purely abstract instruction on the measure of care owed by a person who becomes intoxicated.

■■ It is well established that the refusal of a trial court to give abstract instructions is not reversible error even though such a requested instruction may set forth a correct statement of an abstract rule of law. *Godvig v. Lopez,* 185 Or 301, 308, 202 P2d 935 (1949), and *Ireland v. Mitchell,* 226 Or 286, 292, 359 P2d 894 (1961). See also *Boyle v. Cottrell et al,* 222 Or 565, 573, 353 P2d 838 (1960).

The judgment of the trial court is affirmed.