Argued May 10, affirmed July 11, 1977

ADAMS, *Appellant,*

*v.*

SPOELSTRA, *Respondent.*

(No. 35-751, SC 24709)

566 P2d 498

Bruce MacGregor Hall, Portland, argued the cause for appellant. With him on the briefs was Barbara Page McFarland, Portland.

Bruce Spaulding, of Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland, argued the cause and filed the brief for respondent.

Before Denecke, Chief Justice, and Howell, Lent, and Tompkins, Justices.

HOWELL, J.

## HOWELL, J.

This is an action for medical malpractice filed by plaintiff as guardian ad litem for her minor son. Plaintiff appeals from the judgment entered on a jury verdict for defendant. We affirm.

Generally, plaintiff alleged that her infant son had a bladder obstruction and that the defendant osteopath failed to properly diagnose the problem, failed to employ the necessary diagnostic tests, failed to properly treat the child's condition and failed to consult a specialist.[1] The complaint further alleged that as a result of defendant's negligence plaintiff's son suffered serious permanent injuries.

Plaintiff makes numerous assignments of error, but the record is inadequate to support several of them because of the failure of plaintiff's attorneys to object or make an offer of proof at trial. Other assignments of error fail to comply with our rules in that plaintiff's brief fails to set forth the pertinent part of the record showing the evidence offered, the objections made, or

---

[1] Paragraph VII of plaintiff's second amended complaint alleges:

"Dr. Spoelstra was negligent in the following particulars, to-wit:

"1. In failing to properly diagnose plaintiff's condition, and failing to perform the basic prerequisites to proper diagnoses, and in particular:

"a) Failing to take an adequate history of plaintiff;
"b) Failing to give an adequate physical examination;
"c) Failing to give timely urinalysis;
"d) Failing to give timely blood count;
"e) Failing to make timely residual urine estimation;
"f) Failing to give timely excretion test;
"g) Failing to give timely blood chemistry tests;
"h) Failing to give adequate or timely x-rays;
"i) Failing to give excretory urographic examination;
"j) Failing to give a cystogram test;
"2. In failing to properly treat plaintiff's condition by
"a) Failing to treat plaintiff's uremia;
"b) Failing to treat plaintiff's chronic pyelonephritis;
"c) Failing to treat plaintiff's bi-lateral massive hydro-uretery;
"d) Failing to treat plaintiff's hydronephrosis;
"e) Failing to treat plaintiff's distal outlet obstruction; and
"f) Failing to promptly employ competent specialist assistance."

[ 67 ]

the trial court's ruling, all in violation of Rule 7.19 of the Rules of Procedure in the Supreme Court.

■ For her first assignment of error, the plaintiff contends the trial court erred in sustaining an objection to testimony of the doctor's employee concerning the type or quality of the records maintained by the doctor. Apparently the testimony was offered to challenge the accuracy of the defendant's records of plaintiff's visits. However, when defendant's objection to this line of testimony was sustained, plaintiff did not make an offer of proof and, consequently, the assignment of error cannot be considered.

■■ Plaintiff also contends the trial court erred in refusing to allow plaintiff's counsel to read a portion of the mother's deposition to the jury in a closing argument and, alternatively, to allow plaintiff to introduce the entire deposition into evidence at that time. The portion offered had not been admitted as evidence during the trial, and plaintiff's offer of the entire deposition during final argument was not timely.

Plaintiff's remaining assignments of error relate to the instructions given by the court. Plaintiff contends the general tone of the court's instructions was slanted in favor of the defendant. Our reading of the instructions does not persuade us that, taken as a whole, they were unfair to plaintiff.

■ Plaintiff also argues that the court erred in refusing to give plaintiff's requested instruction which would have told the jury that physicians must keep up-to-date in their professional knowledge. The instruction was abstract and its refusal was not error.

■ Another requested and refused instruction would have told the jury that the defendant could be held liable if they found that he "was generally negligent in some respect, even though such negligence is not specifically set forth in the complaint." Plaintiff cites, and we have found, no authority to support such an instruction.

[ 68 ]

■ Plaintiff also argues that the court erred in failing to give her requested instructions on several of the individual specifications of negligence in the complaint.[2] However, the trial court read all 16 specifications of negligence to the jury and thereafter instructed the jury that plaintiff alleged the doctor was negligent "in the diagnosis, treatment, or referral of Steven Adams" and that a failure to use ordinary medical care, skill and diligence would constitute negligence. The court also instructed the jury that if the doctor was negligent in one of the allegations of negligence relating to diagnosis and in at least one of the allegations of negligence in regard to treatment and/or in failing to refer the patient to a specialist, then the doctor would be liable. Under these circumstances, we do not believe it was reversible error for the court to refuse to give additional instructions which merely elaborated upon the various specifications of negligence in plaintiff's complaint.

■ Finally, plaintiff complains of the failure to give an instruction which would have told the jury that if they found for plaintiff on the issue of liability, then defendant would be liable for all damages resulting from any aggravation of a pre-existing illness or condition which was caused by his negligence. Since the jury found for the defendant on the issue of liability, any error in failing to give that instruction was harmless.

Affirmed.

---

[2]The requested instructions related to failure to perform standard diagnostic tests, delay in testing, improper treating or referral, and failure to use x-rays.