HALL, *Respondent,*
*v.*
BANTA, *Appellant.*
(No. L-4063, SC 25393)

583 P2d 1139

Harold Banta, Baker, argued the cause for appellant. With him on the briefs were Banta, Silven & Young, Baker.

J. David Coughlin, Baker, filed a brief for respondent.

BRYSON, J.

**BRYSON, J.**

Plaintiff, a plumber, brought this action in quantum meruit to recover the value of his labor performed and materials furnished in plumbing defendant's new office building.[1] The jury returned a plaintiff's verdict for $1,287.50, the full amount demanded in the amended complaint. Judgment was entered accordingly and defendant appeals.

■ Defendant first contends the trial court erred in refusing to allow defendant, the owner of the building, to testify as to his opinion on the reasonable value of the labor and materials furnished by plaintiff. The matter arose on defendant's direct examination as follows:

"Q  * * * [A]s the owner of this building and the one that was having the work done, what amount based on your experience, what would you consider to be a fair and reasonable amount for the plumbing installation that was required on that job?

"MR. COUGHLIN: I object, your Honor, on the grounds of relevancy, or excuse me, on the grounds of competency.

"THE COURT: Objection sustained."

After plaintiff's objection was sustained, defendant made no offer of proof as to what his testimony on this point would be. Therefore, the assignment of error cannot be considered. *Adams v. Spoelstra,* 279 Or 65, 68, 566 P2d 498 (1977).

■■ Defendant next contends that the trial court erred in allowing plaintiff to testify that defendant's general contractor, Charles Pope, told plaintiff that defendant had accepted plaintiff's bid for the plumbing work. When plaintiff, on direct examination, first attempted to testify on this point, the trial court sustained defendant's hearsay objection on the theory that Pope

---

[1]Defendant's answer conceded that plaintiff supplied the labor and materials but disputed their reasonable value. Thus, the only issue at trial was the value of the labor and services.

was not authorized to speak for defendant. The testimony that is the subject of this assignment of error was elicited by defendant on cross-examination as follows:

"Q   Now, do you have anything yourself to indicate that that bid was delivered to [defendant] or that he accepted it?

"A   I have nothing in writing to prove that it was ever delivered to him or ever accepted, with the exception that I was told to go ahead and start the job about three days after I had given this original bid to Charlie Pope.

"Q   Now, but [defendant] wasn't the one who told you to go ahead, was he?

"A   I can't remember exactly whether it was [defendant] or Charlie. Anyway when I went back out there, Charlie told me that I had the job.

"* * * * *.

"[DEFENSE COUNSEL]: Move to strike it. It's the same thing as we had before, your Honor.

"THE COURT: I'm going to deny it. I think you solicited the remark."

On redirect, plaintiff also testified that defendant had requested a bid and had told plaintiff to begin work. Defendant's objection to this testimony was overruled on the ground that the matter had been covered in cross-examination.

Defendant asserts that he "can find nothing in this record to justify the Court's statement that the remark was invited." We disagree. Further, even if the testimony were not determined to have been solicited, its reception would have been harmless error. Plaintiff's theory of the case was quantum meruit; the only issue at trial was the reasonable value of plaintiff's labor and materials furnished. Plaintiff and plaintiff's expert both testified as to the reasonable value of the labor and materials. This being the case, the issue of whether defendant accepted plaintiff's bid was irrelevant. It is not disputed that plaintiff did the work and was entitled to recover something. *In re Herdman's Estate,* 167 Or 527, 119 P2d 277 (1941).

■■ Defendant's final assignment of error is that the trial court erred in sustaining plaintiff's objection to defendant's testimony on comparable plumbing installations "on the question of value." Of course, this is an action to recover the reasonable value of services and materials. Nevertheless, we have examined defendant's evidence on his offer of proof. Defendant testified regarding plumbing in a house, not commercial property, which occurred two years previously. The prefabricated house was some 20 miles away in another county. The fixtures and plumbing supplies varied in character. The offered testimony was certainly not of identical services or materials. From our review of the offer of proof, we conclude it would not have aided the jury in reaching its verdict. In such cases, the determination of whether the value in the other transaction on which evidence was offered was similar and timely is normally left to the sound discretion of the trial judge. *Krause v. Eugene Dodge, Inc.,* 265 Or 486, 511, 509 P2d 1199 (1973).

Affirmed.