Argued and submitted July 15, affirmed December 17, 1986

# MOUNTS,
*Respondent,*

*v.*

# KNODEL,
*Appellant.*

## (84-0956; CA A36834)

730 P2d 594

L. E. Ashcroft, Salem, argued the cause for appellant. On the brief were Sam F. Speerstra, Salem, Frank O. Diarmit, Salem, and Rhoten, Rhoten, Speerstra, Rinehart & Ashcroft, Salem.

Thomas M. Christ, Eugene, argued the cause for respondent. With him on the brief were Louis L. Kurtz, Eugene, and Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

This is a civil action for damages for personal injury. The jury returned a verdict in favor of plaintiff. Defendant contends that the trial court erred in excluding evidence of plaintiff's intoxication, in instructing the jury and in striking his allegation of contributory negligence and his affirmative defense that there were "particular and inherent" risks involved in riding a horse. We affirm.

Plaintiff worked for defendant in his construction business. Defendant also owned a ranch. Barton and Martin worked for defendant on his ranch. Barton was responsible for the horses, and Martin was a ranch hand who did clean-up work. Defendant invited plaintiff and his family to visit his ranch. Plaintiff testified that defendant told him that he could ride the horses. Defendant testified that he could not remember whether he gave plaintiff permission to ride but that he could think of no reason why he would not have given permission.

While plaintiff was at the ranch, Martin saddled a horse for him. Barton had not given plaintiff permission to ride. The right stirrup leather on plaintiff's saddle broke, causing him to fall off his horse. He suffered a broken wrist, bruises and lacerations. Sometime before plaintiff's ride, the left stirrup leather on the same saddle had broken. Barton had repaired it, but he did not check the condition of the right stirrup before permitting the saddle to be used again. The saddle had been used without incident until plaintiff's fall.

Defendant first contends that the trial court erred in excluding evidence of plaintiff's intoxication and its effect on his ability to ride. The court sustained plaintiff's objection to defendant's questions about beer purchased by plaintiff's wife. It also excluded portions of Martin's deposition testimony about plaintiff's consumption of beer. Defendant argues that there was evidence of negligence on plaintiff's part and that the jury should have been permitted to consider it. *See Lynch v. Clark et al,* 183 Or 431, 194 P2d 416 (1948). Barton testified at trial that he would not have given plaintiff permission to ride a horse, because plaintiff had been drinking.

The record does not show what evidence defendant would have presented. He did not make an offer of proof

regarding either the wife's purchase of beer or the deleted portions of Martin's deposition testimony. Martin's deposition is not part of the record. Therefore, the assignment of error cannot be considered. *See Hall v. Banta,* 283 Or 387, 389, 583 P2d 1139 (1978).

■ Defendant next contends that the trial court erred in failing to give Uniform Jury Instruction No. 12.01:

> "The care required of a person who has become intoxicated is the same as that required of one who is sober. Failure by a person to use that degree of care which an ordinary prudent sober person would use under the same or similar circumstances would constitute negligence."

Plaintiff argues that there was no error, because the instruction is an abstract statement of law that would not have informed the jury about any relationship between plaintiff's alleged intoxication and defendant's defense that plaintiff had failed to control his horse.

In *Abel v. Cone,* 268 Or 339, 520 P2d 899 (1974), the Supreme Court held that the trial court did not err in refusing to give the same instruction that was requested here. In *Abel,* the party requesting the instruction did not request an instruction that informed the jury about the relationship between the consumption of alcohol and the consumer's ability to keep a vehicle under control. The Supreme Court explained that it was not reversible error to refuse to give an abstract instruction, even though it was a correct statement of the law. 268 Or at 341-42. Here, defendant did not seek an instruction informing the jury about the connection between plaintiff's alleged intoxication and the allegation that plaintiff had failed to control the horse. Therefore, the trial court did not err in refusing to give defendant's requested instruction.[1]

■ Defendant next contends that the trial court erred in refusing to give both his requested jury instruction regarding

---

[1] Defendant argues that the jury could have drawn a connection between plaintiff's intoxication and defendant's allegations of contributory negligence if he had been allowed to present evidence of intoxication. He also argues that the evidence can be found in the portions of the deposition excluded by the trial court. However, the excluded portions of the deposition are not part of the record on appeal. Without an offer of proof, we are unable to determine whether such a connection could have been drawn.

the definition of a licensee and Uniform Jury Instruction No. 120.66. The requested definition instruction provided:

"I instruct you that a social guest upon the premises of another has the status of a licensee not an invitee.

"There is no duty on the part of the host to make the premises safe for his guest as the host merely offers his premises for the enjoyment of his guests with the same security that the host and members of his family have. A licensee must take his chances as to any defective condition unknown to the possessor."

Uniform Jury Instruction 120.06 provides:

"The possessor has no duty to a licensee with respect to the condition of the premises except to inform him of any concealed, dangerous conditions on the premises known to the possessor."

Defendant argues that the court's failure to give those instructions prevented the jury from knowing the distinction between a licensee and an invitee. Plaintiff argues that the court did not err, because the instructions apply only to "conditions" of the land and not to "activities" engaged in on the land.

In *Ragnone v. Portland School Dist. No. 1J,* 291 Or 617, 621, 633 P2d 1287 (1981), the Supreme Court defined the duties an occupier of land owes to a licensee.

"1. As to conditions of the land, the occupier is liable for injuries arising from the occupier's willful [sic] or wanton act, and for that gross negligence which is equivalent to willfulness [sic] or wantonness. *Elliott v. Rogers Construction,* 257 Or 421, 431, 479 P2d 753 (1971). In addition, the occupier must warn of any pitfall or trap known to the occupier which might cause injury to the licensee notwithstanding the use of reasonable care by the licensee. *Blystone v. Kiesel,* 247 Or 528, 431 P2d 262 (1967).

"2. As to activities on the land, the occupier has the duty to exercise reasonable care for the protection of a licensee. *Blystone v. Kiesel, supra,* 247 Or at 531." (Footnotes omitted.)

Here, plaintiff was not injured by a condition of the land, but while he engaged in an activity, *i.e.,* riding a horse. A jury could have found that defendant had failed to exercise reasonable care in maintaining the saddle and, therefore, could be

held liable for plaintiff's resulting injuries. Defendant argues that, even if the standard is that for activities, he may not be held liable, because *he* was not conducting an activity; rather, it was *plaintiff* who was conducting the activity. The cases cited by defendant do not recognize such a distinction. We find no error.

■ Defendant next contends that the trial court erred in failing to give a requested jury instruction involving the duty of a sports participant to recognize and watch out for dangers inherent in the sport. The requested instruction reads:

> "A licensee must exercise reasonable care in undertaking sports activities which have normal risks inherent in them. In such a case, a licensee must keep a proper lookout and not unreasonably expose himself to hazards or otherwise fail to recognize the risk of harm which would be known to a reasonably prudent licensee."

Defendant argues that *Woolston v. Wells,* 297 Or 548, 687 P2d 144 (1984), *Blair v. Mount Hood Meadows Development Corp.,* 291 Or 293, 630 P2d 827, *mod on other grounds* 291 Or 703, 634 P2d 241 (1981), and *Nylander v. State of Oregon,* 292 Or 254, 637 P2d 1286 (1981), support the proposition that, although assumption of risk has been abolished in Oregon, ORS 18.475(2),[2] a sports participant using equipment has a duty to recognize the risks inherent in the use of that equipment. Plaintiff argues that the court did not err, because the requested instruction improperly focuses on assumption of risk.

Oregon cases recognize that there are risks inherent in sports activities. *See, e.g., Blair v. Mt. Hood Meadows Development Corp., supra.* However, the issue is one of duty, not assumption of risk. The Supreme Court has held that the legislature

> "intended to abolish all use of the concept of plaintiff's assumption of risk in negligence cases (other than in its 'express' sense) whether as a defense to defendant's prior 'tortious' conduct or as a short hand phrase for defendant's lack of duty under the circumstances for breach of duty."

---

[2] ORS 18.475(2) provides:

"The doctrine of implied assumption of the risk is abolished."

*Blair v. Mount Hood Meadows Development Corp., supra,*
291 Or at 300. (Footnote omitted.)

After reviewing the legislative history, the court said:

> "Our analysis leads us to conclude that a separate instruc-
> tion focusing upon plaintiff's implied assumption of the risk is
> no longer proper in negligence actions * * *. Instead, the jury
> instructions in negligence cases involving injuries resulting
> from normal risks of a sport * * * should focus upon the
> plaintiff's burden to prove the elements of negligence
> (especially the defendant's duty and breach of duty causing
> plaintiff's injury) in order to hold defendant liable." 291 Or at
> 302.

The Supreme Court also found that, although the instruction
in that case did not use the words "assume" or "assumption,"
it did focus on the plaintiff's risk; it did not deal with the
defendant's duty. The instruction here suffers the same flaw.
It discussed plaintiff's risk rather than focusing on the duty of
one supplying a horse and a saddle. There was no error.

■    Defendant next contends that the trial court erred in
failing to give a limiting instruction explaining the scope of
employment. The court instructed:

> "An employer is liable for the negligence of his employees;
> Gene Barton and John Martin were employees of Defendant.
> Any negligence of Barton or Martin, while acting as Defen-
> dant's employees, is negligence of the Defendant."

Defendant argues that the words "while acting as Defendant's
employees" ought to have been limited by an explanation of
the meaning of the scope of employment. However, the record
does not show that defendant tendered an instruction that
would make that explanation, and he does not argue that he
did so. He does not claim that the instruction given was an
erroneous statement of the law. The instruction given was
correct, and it was not error to fail to give a further clarifying
instruction that was not requested.

■    Defendant next contends that the trial court erred in
instructing the jury that plaintiff had defendant's express or
implied permission to ride a horse. He argues that, because
defendant only conceded that he could think of no reason why
he would not have given plaintiff permission to ride and
because Barton testified that he did not give plaintiff permis-
sion to ride, there was a question of fact for the jury whether

plaintiff had defendant's permission to ride. Plaintiff argues that the instruction was proper, because reasonable jurors could not disagree that plaintiff had express or implied permission to ride. He argues further that, because he testified that defendant had given him permission to ride, because Martin testified that he and plaintiff told defendant that they intended to ride and defendant did not object and because defendant did not testify that he did not give them permission to ride, the jury could not have found that plaintiff did not have permission to ride.

The trial court's instruction removed consideration of a question of fact from the jury. That ruling was, in effect, a partial directed verdict. Such a ruling is only proper when reasonable minds could not differ on the evidence. *See Crooks v. Payless Drug Stores,* 285 Or 481, 592 P2d 196 (1979); *Hoekstre v. Golden B. Products,* 77 Or App 104, 712 P2d 149 (1985), *rev den* 300 Or 563 (1986). Defendant testified that Barton had authority to tell people whether or not they could ride; however, there was no evidence that plaintiff knew he had to get permission from Barton. Plaintiff testified that he had permission to ride from defendant; defendant does not deny that. In the absence of evidence that plaintiff knew that only Barton could give permission to ride the horses and in the absence of a denial by defendant that he gave or would have given permission, the trial court properly concluded, as a matter of law, that reasonable minds could not differ on the question. Therefore, it was not error to give a partial directed verdict.

Finally, defendant contends that the trial court erred by striking his allegation of contributory negligence and his affirmative defense that plaintiff voluntarily undertook to ride the horse when he knew or should have known that there were particular and inherent risks involved in such activity unless properly conducted. Plaintiff argues that defendant did not preserve the assignment of error. Defendant argues that the trial court struck two of his allegations of negligence and his affirmative defense by instructing the jury on only two of his allegations of negligence and not instructing the jury at all on his affirmative defense. Defendant's brief also states:

"The defendant's exceptions to these instructions were stated in prior assignments of error. Defendant did not take a

> separate exception to the rewriting of the pleadings since he had already objected to the trial court's failure to give the requested instruction."

Failure to instruct on an allegation is not equivalent to striking the allegation from the pleadings or to rewriting the pleadings. We have explained above why the trial court did not err in failing to give the requested instructions to which defendant refers.

Affirmed.