Argued on motion to recall mandate September 9, allowed September 24, 1918.

# McCARGER v. MOORE.

(175 Pac. 77.)

(Also see, 88 Or. 682.)

**Courts—Jurisdiction of Supreme Court.**

1. Aside from *mandamus, quo warranto* and *habeas corpus* proceedings, the Supreme Court is one of limited jurisdiction, and cannot acquire authority to act in any cause, except in the manner provided by statute.

**Appeal and Error—Dismissal of Appeal.**

2. Laws of 1913, Chapter 320, Section 554, subdivision 2, must be read in connection with other provisions, and, where notice of appeal was not served in time, the Supreme Court has no authority to enforce the judgment of the lower court against a surety in the undertaking for a stay of proceedings, but can only dismiss the appeal.

**Appeal and Error—Correction of Judgment.**

3. Where notice of appeal was not served in time, and the Supreme Court in its judgment attempted to enforce the judgment of the lower court against the surety in the undertaking for a stay of proceedings under Laws of 1913, Chapter 320, Section 554, subdivision 2, rendition of judgment against surety for the amount of the judgment of the Circuit Court is a clerical misprision, which the Supreme Court is authorized to correct after remand.

From Multnomah: Henry E. McGinn, Judge.

Department 1.

Originally the plaintiffs began an attachment action against the defendant, in the Circuit Court of Multnomah County, and levied the writ upon property. The defendant gave bond to release the attachment with the Illinois Surety Company on his undertaking. Afterwards, without the consent of the surety, judgment was rendered in that court against the defendant for the amount named in the complaint. The company moved the Circuit Court to open the case and allow it to defend, on the ground that the judgment was taken without notice to it, but the motion was overruled

and it appealed to this court. The plaintiffs moved to dismiss the appeal but the question was reserved for final argument: 88 Or. 683 (157 Pac. 1107). The motion was renewed at a later date and was allowed, 88 Or. 686 (171 Pac. 587), on the ground that the notice of appeal had not been served within the sixty days provided by the statute: Section 550, subd. 5, L. O. L., as amended by the General Laws of Oregon for 1913, p. 617. The costs of the appeal were thereupon taxed against the Illinois Surety Company and its surety on appeal, the New Amsterdam Casualty Company: 88 Or. 687 (173 Pac. 258). Judgment was thereupon entered, not only dismissing the appeal but also against the Illinois Surety Company and its surety, the New Amsterdam Casualty Company, for the full amount of the judgment of the Circuit Court in the sum of $581.15 with interest from a date mentioned, and a mandate was issued to the Circuit Court accordingly. The case has now been heard on the motion of the New Amsterdam Casualty Company to recall the mandate and correct the judgment embodied therein so that the same shall operate against it as dismissing the appeal and for the costs and disbursements of this court on the motion to dismiss only, and not for the principal judgment. Mandate Recalled.

For the motion to recall mandate there was a brief submitted by *Mr. Thomas Mannix.*

*Contra,* there was a brief over the name of *Messrs. Senn, Ekwall & Reckon,* with an oral argument by *Mr. Frank Senn.*

BURNETT, J.—The undertaking given by the New Amsterdam Casualty Company provided, "that if said judgment or any part thereof be affirmed, the appellant

will satisfy the same so far as affirmed," having been given for a stay of proceedings as provided in Section 551, L. O. L.

1, 2. The judicial system of the state has not been changed otherwise than as provided in the amended form of Article VII of the State Constitution adopted by the initiative process at the general election of November, 1910, and Section 6 of the article as it formerly read remains in force, by which it is declared that:

"The Supreme Court shall have jurisdiction only to revise the final decisions of the Circuit Court."

The only exception to this rule promulgated by the amendment referred to is that the court may in its own discretion take original jurisdiction in *mandamus, quo warranto* and *habeas corpus* proceedings: Article VII, § 2. This court, therefore, is one of limited jurisdiction aside from the instances just mentioned. It cannot acquire authority to act except in the manner provided by statute, in a case of the kind before us, and can exercise only power expressly conferred upon it by statute. Except in the stated instances of our original jurisdiction, authority of this court to hear and determine a case is derived from perfection of an appeal. That result is accomplished either by giving oral notice at the time of the rendition of the judgment appealed from or by causing a notice to be served upon the adverse party, filing the original with proof of service indorsed thereon with the clerk of the court in which the judgment appealed from is entered, and by serving or filing an undertaking, all as provided by Section 550, L. O. L., as amended by Chapter 319 of the Laws of 1913, which section requires that the appeal shall be taken and perfected in the manner therein prescribed and not otherwise. There are provisions in Section 554, as amended by Chapter 320, Laws of

1913, about filing a transcript or an abstract within thirty days after the perfection of the appeal, and it is therein declared that:

"After compliance with the provisions hereof the appellate court shall have jurisdiction of the cause, but not otherwise."

An abandonment of an appeal is defined in that section, substantially, as a failure to file a transcript within the thirty days mentioned, unless such time shall have been enlarged, and the last subdivision of the section reads thus:

"If the appeal be abandoned as provided in subdivision 2 of this section, thereupon the judgment or the decree, so far as it is for the recovery of money, may, by the appellate court, be enforced against the sureties in the undertaking for a stay of proceedings, as if they were parties to such judgment or decree."

This, however, must be read in connection with the other provisions of the statute about serving notice of appeal in the manner and time required by the law, which it has always been held is essential to the jurisdiction of this court: *Baskin* v. *Marion County,* 70 Or. 363 (141 Pac. 1014).

At the argument, counsel cited *Simpson* v. *Prather,* 5 Or. 87; *Peck* v. *Curlee Clothing Co.* (Okl.), 162 Pac. 735; *Dunterman* v. *Storey,* 40 Neb. 447 (58 N. W. 949); *Flannagan* v. *Cleveland,* 44 Neb. 58 (62 N. W. 297), and *Morgan* v. *Soisson,* 21 Pa. Super. Ct. 141; all of which, however, are cases where an original action had been brought upon the undertaking in a court of general jurisdiction. Without intimating what the rule would be in this state in an action on the undertaking here involved, we hold that whatever the liability on the instrument it cannot be enforced in any court, much less in a court having only the limited authority to

hear and determine appeals, unless the court has jurisdiction of the cause and the subject matter. But inasmuch as the notice of appeal was not served in time, this court did not obtain jurisdiction, either of the respondent or of the appellants' surety. All that could be done and all that was done in fact was for the court to decline to hear the case, and purge its records of the matter by dismissing the appeal. The costs in this court followed as an incident of the motion to dismiss, but lawfully we could go no further. The result was to leave the judgment of the Circuit Court intact, not on account of what we did, but by reason of what we did not, for want of jurisdiction. We could not add to or detract from that judgment on the record before us.

3. Under the statute, this court can render judgment against the surety for the·principal sum of the judgment appealed from only when it is in a position positively to affirm such a judgment of the lower court upon a full hearing in this court. The rendition of the judgment against the surety on appeal for the full amount of the judgment of the Circuit Court must be set down as a clerical misprision which we are authorized to correct. The motion to recall the mandate, therefore, must be allowed, and the judgment corrected so as merely to dismiss the appeal, allowing against the Illinois Surety Company and the New Amsterdam Casualty Company only the costs and disbursements on the motion to dismiss, which are not in this instance resisted. No further costs will be allowed to either party.      MOTION TO RECALL MANDATE ALLOWED.

McBRIDE, C. J., and BEAN and BENSON, JJ., concur.