Argued March 28, affirmed April 11, 1956

BURCH *v.* PETERSON ET UX

295 P. 2d 868

*E. B. Sahlstrom,* Eugene, argued the cause for appellant. On the brief were Thompson & Sahlstrom, Eugene.

*John E. Jaqua,* Eugene, argued the cause for respondents. On the brief were Thwing, Jaqua & O'Reilly, Eugene.

Before WARNER, Chief Justice, and TOOZE, LUSK and BRAND, Justices.

WARNER, C. J.

The plaintiff, Burch, appeals from a judgment of involuntary non-suit.

The complaint alleges that injuries were incurred on the evening of April 2, 1950 at about 8 p.m. while plaintiff was crossing the yard of the defendants Peterson, to enter their home in Eugene, Oregon. He had gone to the Petersons for the sole purpose of spending a social evening playing bridge. With five other persons, who were also friends of the defendants, he approached defendants' house by proceeding down a steep incline, through a rock garden, and down some wooden steps. The plaintiff, who was preceded by some of the others, fell and received a painful injury when one of the steps traversed by him gave way under his weight.

The plaintiff complains that the defendants were negligent in the following particulars: in failing to repair the steps leading to the premises of defendants; in failing to give plaintiff an adequate notice or warning; in failing to provide a safe place for the plaintiff

to approach the premises; and in failing to warn him of impending danger. He also alleges that the defendants knew, or with reasonable care could have known, of the unsafe condition which precipitated his mishap.

The defendants admit that the plaintiff came to their home at the time for the purpose of a social evening, but deny all of the plaintiff's allegations of negligence. No one contends that he was a "business invitee".

The only issue before us for resolution is the character and extent of the legal duty owed by the defendants Peterson, as hosts, to the plaintiff Burch, as their guest. The amplitude of this obligation is determined by the relationship existing between the parties at the time the accident occurred.

■ Viewing the evidence in a light most favorable to the plaintiff, we are constrained to hold that as a social guest, Burch was a mere licensee of his hosts. *McHenry v. Howells* (1954), 201 Or 697, 701, 272 P2d 210; *McNamara v. Hall,* 38 Wash2d 864, 233 P2d 852, 854.

■ The duty of a host to social guests is well and clearly stated in the McHenry case, supra, where at page 702 we said:

"The defendants owed plaintiff the duty to use reasonable care not to injure her through any affirmative or active negligence on their part, as distinguished from passive negligence. They owed her a duty of not willfully, wantonly, or intentionally inflicting injury upon her."

The plaintiff argues that " *  *  *  there is no logical reason for allowing a lower duty to persons coming upon the real property of others where there is no element of business relationship present as compared to those situations where the business relationship element is present."

A satisfactory answer to this contention is found in 38 Am Jur, Negligence, § 117, quoted with approval in *McHenry v. Howells,* supra, where the best reason for the rule is said to be because " * * * a host merely offers his premises for enjoyment by his guests with the same security that the host and the members of his family who reside with him have." The same thought is expressed in *Biggs v. Bear,* 320 Ill App 597, 51 NE2d 799, 800, in these words:

> " * * * not every person invited is an invitee as the latter term is used in the law of torts; * * * a social guest becomes a member of the family of the host for the time being and cannot at the same time stand upon the strictly commercial transaction between the invitor and the invitee in the law of torts. * * * a social guest on the premises of the host is a licensee."

In attaching the weight which we do to the McHenry case, as controlling in the instant matter, we think it fair to note that the McHenry decision was not handed down until after the trial of the case at bar, and was therefore unknown to plaintiff at the time of trial.

The only other matter challenging attention is whether the facts support the existence of a trap or pitfall on the property of the defendants. In the McHenry case we said at page 703:

> " * * * liability of an owner or occupant of premises to a licensee may be predicated upon negligence in leaving something in the nature of a trap or pitfall at a place where his presence might have been anticipated, without a warning thereof. A trap within the meaning of this rule, is a danger which a person who does not know the premises could not avoid by reasonable care and skill."

■■ To cast liability upon the defendants upon the theory of a trap or pitfall, plaintiff was bounden to show that the defendants either knew, or by the exercise of reasonable care could have known of the hazardous condition of the premises. *McHenry v. Howells,* supra; *Starberg v. Olbekson,* 169 Or 369, 374, 129 P2d 62; *Lee v. Meier & Frank Co.,* 166 Or 600, 605, 114 P2d 136. This, plaintiff failed to do. Indeed, we find no evidence whatever in the record warranting a conclusion that the defendants knew or should have known of the defective condition of their steps; nor is there any evidence tending to substantiate the assertion that the defendants failed to exercise reasonable care in the maintenance of their property.

The judgment is affirmed.