Argued February 4, affirmed February 24, 1965

# FLECK *v.* NICKERSON ET UX

399 P. 2d 353

*Philip A. Levin,* Portland, argued the cause for appellant. On the brief were Garry Kahn and Pozzi, Levin & Wilson, Portland.

*Lynne W. McNutt,* Coos Bay, argued the cause for respondents. On the brief were Orrin R. Ormsbee and McNutt & Gant, Coos Bay.

Before McAllister, Chief Justice, and Sloan, Goodwin, Holman and Lusk, Justices.

HOLMAN, J.

Plaintiff, a sixty-year-old woman, was a social

visitor at the home of the defendants, her son and daughter-in-law. The occasion was the son's birthday. It was dark when she was ready to leave, and she found that the several steps leading down to the ground from the front porch had become frosty. She expressed apprehension of her ability to negotiate them successfully, and her daughter-in-law, who was accompanying her to the door, suggested that she use the back door where there was only one step. The back step consisted of a block of wood laid on the ground. There was no porch or outside light, the only light available being a dim reflection from the kitchen window. Plaintiff stepped down upon the block and it tipped with her, throwing her to the ground and causing the injuries resulting in her claim for damages in this action.

There was no evidence as to the size or shape of the block of wood. There had been numerous blocks used as a step in the six or seven years defendants had lived there. The one in use at the time of the accident was subsequently destroyed. There was no evidence as to the length of time the block in question had been there. The defendants and their children used the back step and there was no evidence that the defendants had any notice or knowledge of the propensity of it to be unstable. At the completion of plaintiff's case in chief the court granted a judgment of involuntary nonsuit. This is the error here assigned.

■ A social guest at the home of another, with respect to the condition of the premises, occupies the position of a licensee and not an invitee. There is no duty on the part of the host to make the premises safe for his guest as the host merely offers his premises for the enjoyment by his guests with the same security that the host and the members of his family have. How-

ever, a host who knows of a concealed danger or trap is guilty of negligence if he allows his guest to come into contact with it and suffer injury thereby, without first having warned him of it. A trap or concealed danger is one which a person who does not know the premises could not reasonably be expected to avoid. *McHenry v. Howells,* 201 Or 697, 701, 272 P2d 210. *Baer v. Van Huffell,* 225 Or 30, 33, 356 P2d 1069.

■ A licensee must take his chances as to any defective condition unknown to the occupier, and is entitled at most to a warning of dangers that are known. Prosser on Torts, 3rd ed., § 60, page 388; Harper & James, Vol. 2, § 27.9, page 1471; *McHenry v. Howells,* supra. Also, see cases collected at 55 ALR2d 536. Plaintiff relies upon a statement made in *Burch v. Peterson,* 207 Or 232, 295 P2d 868, to the effect that the claimant had to show "that the defendant either knew, *or by the exercise of reasonable care could have known,* of the hazardous condition of the premises." (emphasis supplied) The case then cites *McHenry v. Howells,* supra, which has a statement to the opposite, and the cases of *Starberg v. Olbekson,* 169 Or 369, 129 P2d 62, and *Lee v. Meier & Frank Co.,* 166 Or 600, 114 P2d 136, which are both cases involving customers in stores who are business invitees and the cases are therefore inapplicable. It would appear the Court was probably misled by a statement quoted in *McHenry v. Howells,* supra, from 65 CJS, Negligence, § 38, page 504, relative to the duties of the occupier of land to a licensee which was as follows:

"* * * should give to the licensee a reasonable warning, or information regarding the *dangerous condition,* which is not open to the licensee's observation but *of which the owner or occupant* knows or *should know.* * * *" (emphasis supplied)

■ "Should know," in our opinion, as used there, does not mean those things which the occupier of land could know as the result of the exercise of reasonable care in inspecting the premises but rather those things that he should infer or deduct from facts or circumstances that are already known to him. In so far as *Burch v. Peterson,* supra, may be interpreted as standing for the proposition that the occupier of land has a duty to a licensee to warn of a danger which he could have known by the exercise of reasonable care, it is expressly overruled.

■ Defendants in this case were not shown to have had any knowledge of the propensity of the block to tip. They had been using such blocks for the same purpose for years. They could not warn of that which they did not know, and they owed no duty to the plaintiff to inspect to see if the block did tip.

■ Plaintiff urges that defendants knew that the back step was a block of wood unattached to the ground by other than gravity and from this they should have inferred or "should know" that it had a tendency to tip and therefore, they had a duty to warn plaintiff. There is no evidence indicating the size, shape, width, height, weight, or anything else concerning the block in question or whether it stood on its broad side, narrow side or on end. In other words, there is no evidence of a condition of the block or the manner in which it rested on the ground from which knowledge of its propensity to tip can be inferred to defendants. We do not believe that a knowledge of the block's propensity to tip can be inferred from the fact alone that defendants knew it was unattached to the ground. Therefore, we believe that defendants had no knowledge which made it incumbent upon them to warn plaintiff.

Certain pictures have been introduced in evidence showing a block at the doorstep in question, but the uncontradicted evidence is that this is not the same block as was present at the time of the accident and there is insufficient evidence indicating that the condition of the block in the pictures is the same as the one in place at the time of the accident.

The judgment of involuntary nonsuit granted by the trial court is affirmed.