Argued June 5, reversed and remanded September 7, 1967

# BLYSTONE, *Appellant, v.* KIESEL, *Respondent.*

431 P. 2d 262

*Richard E. Kingsley,* Lebanon, argued the cause for appellant. On the brief were Morley, Thomas, Orona & Kingsley.

*Asa L. Lewelling,* Salem, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, O'CONNELL, DENECKE, HOLMAN and LUSK, Justices.

## LUSK, J.

Plaintiff, the mother-in-law of defendant, brought this action to recover damages for personal injuries sustained as the result of defendant's alleged negligence when plaintiff was a guest in the former's home. The court, after both sides had rested, granted defendant's motion to remove from consideration of the jury each and every allegation of negligence and thereafter entered judgment for the defendant from which plaintiff has appealed.

The facts are as follows: On May 9, 1965, there was a Mother's Day celebration in defendant's home in Lebanon, Oregon. About 12 persons, all related by blood or marriage, took part. Towards evening the defendant and other men were in the living room preparing to show some home movies. Defendant was seated near a corner of the room about 18 feet from the entrance to the room from a hallway, when an electronic apparatus in the kitchen, referred to as a plectron, "buzzed" or "squealed." The defendant was a volunteer fireman and the apparatus was kept by him for its use as a signal of the outbreak of a fire.

Upon hearing the signal defendant ran across the room towards the hallway and the front door of the house, intending to get to the fire as speedily as possible.

At the same time the plaintiff, who had gone to a bedroom for her hearing aid, was walking along the hallway, above referred to, towards the entrance to the living room. Plaintiff and defendant could not see each other because of the wall between the hallway and the living room. They reached the entrance at the same time and collided with considerable force. As the defendant testified: "Well, she hit the wall and then went down to the floor." Among other injuries the plaintiff suffered a fracture of the inferior ramus of the left pubic bone.

The defendant testified:

"Q   Did you lookout for anybody in the hallway as you ran?

"A   No.

"Q   Were you even thinking about anybody that was there?

"A   I wasn't thinking about anyone.

"Q   Yet you knew that there were people milling in and out of that entrance?

"A   Yes.

"Q   In your running were you actually running at that point, that juncture?

"A   Yes, I was moving right along.

"Q   Were you moving in such a manner that you could stop immediately if you saw somebody in front of you?

"A   No."

As a social guest in the home of the defendant plaintiff's status was that of a licensee. Defendant's duties toward her were not to willfully, wantonly, or intentionally injure her, not to injure her through

active or affirmative negligence, and to warn her of any pitfall or trap known to him which might cause her injury notwithstanding her use of reasonable care and skill: *Baer v. Van Huffell et ux,* 225 Or 30, 33, 356 P2d 1069; *Burch v. Peterson et ux,* 207 Or 232, 295 P2d 868;[①] *McHenry v. Howells et ux,* 201 Or 697, 272 P2d 210.

■ We are not concerned in this case with a trap or pitfall and there is no evidence that defendant willfully, wantonly, or intentionally injured the plaintiff. Defendant contends that unless plaintiff's injury was caused by conduct of that character she should not be permitted to recover. He would have us cast aside the rule that the host may be held liable for injury resulting from active or affirmative negligence because of "the difficulties in drawing a line between active and passive negligence." Annotation, 156 ALR 1226 at 1234.

The rule as we have stated it was adopted after careful consideration and is in accord with the weight of authority. As Dean Prosser says: "It is now generally held that as to any active operations which the occupier carries on, there is an obligation to exercise reasonable care for the protection of a licensee." Prosser on Torts (3d ed) 388-389. See, also, *Oettinger v. Stewart,* 24 Cal 2d 133, 148 P2d 19, 156 ALR 1221, with Annotation, 156 ALR 1226; 2 Restatement of Torts 2d, § 341.

The rule also serves the ends of substantial justice. A good illustration of the kind of a bad result that would follow if the defendant in a case of this kind

---

[①] A dictum in Burch v. Peterson, 207 Or at 236, to the effect that an occupier of land may be liable for injury to a licensee caused by a trap or pitfall, the existence of which the occupier *could have known by the exercise of reasonable care,* was over-ruled in Fleck v. Nickerson, 239 Or 641, 644-645, 399 P2d 353.

were liable only for wanton, willful or intentional injury, is the case of *Potts v. Amis,* 62 Wn 2d 777, 384 P2d 825. The plaintiff was a guest at defendant's summer home. The defendant, in endeavoring to demonstrate with a golf club the proper swing, struck the plaintiff in the jaw with the club. It was conceded that the defendant was negligent and the plaintiff free from negligence, but there was no evidence of wanton, willful, or intentional injury. The court held the defendant liable, not, however, precisely on the ground of active negligence, but in the application of an even more liberal rule. The court said: "The mere fortuitous circumstance that this injury occurred while the plaintiff stood upon land belonging to the defendant should not relieve the latter of liability." 62 Wn 2d at 787. Under the view of the law that has been pressed upon us here by the defendant, the plaintiff in that case would have been without redress for injury caused by the admitted active negligence of the defendant.

While there may be difficulty in drawing the line between active and passive negligence in cases where injury is caused by a defective condition of the premises,[2] there is no such difficulty here. There was nothing passive about the circumstances attendant upon plaintiff's injury. It resulted from the activity of the defendant and if, in carrying on that activity, the defendant was negligent he should be held liable.

■ We think the evidence would justify a finding of negligence. We agree with counsel for the defendant that defendant "had every right to run toward the front door of his own home." We do not agree that it was his duty to avoid only "those persons he can see in front of him and around him." For an adult to

---

[2] See, e.g. Baer v. Van Huffell, supra, and cases digested in Annotation, *156* ALR at *1234.*

run in his own home is undoubtely lawful, but it is also unusual, and if he feels called upon to do so when there are a number of guests moving about in close proximity to him, it behooves him to take reasonable care not to injure any of them. Defendant's testimony above quoted constitutes some evidence of his failure to observe the requisite standard of care.

The court erred in taking the case from the jury. The judgment is, therefore, reversed and the cause remanded for a new trial.