Argued April 6, affirmed April 29, 1976

SARGENT, *Appellant,*

*v.*

INGER et ux, *Respondents.*

548 P2d 1303

*Dennis H. Elliott,* Portland, argued the cause for appellant. With him on the briefs were John J. Haugh, and O'Connell, Goyak & Haugh, P. C., Portland.

*James H. Clarke,* Portland, argued the cause for respondents. With him on the brief were Richard S. Borst, Vawter Parker, and Dezendorf, Spears, Lubersky & Campbell, Portland.

Before O'Connell, Chief Justice, and McAllister, Holman, Tongue, Howell, and Bryson, Justices.

TONGUE, J.

**TONGUE, J.**

This is an action for damages for personal injuries sustained by plaintiff when she slipped and fell on the brick walkway of defendants' home after bringing her son to a children's birthday party there. The case was tried before the court, without a jury. Plaintiff appeals from a judgment of involuntary nonsuit. We affirm.

Plaintiff urges on this appeal, in a well prepared and well documented brief, that the court should abandon the traditional common law distinction, as previously recognized by this court, between the duty owed by a landowner to licensee, such as a social guest, and that owed to an invitee, such as a business customer in a supermarket, and that this court should instead adopt the rule as recently adopted by some other jurisdictions and as stated by the California court in *Rowland v. Christian,* 69 Cal 2d 108, 70 Cal Rptr 97, 443 P2d 561 (1968).

We do not consider this case to be an appropriate case for consideration of such a proposed change, however, because even under the rules of liability of an owner of land to a business invitee, such as a customer in a supermarket, the granting of an involuntary nonsuit was proper under the particular facts of this case.

The testimony offered by plaintiff was that brick walkways, over a period of time, get a growth of algae and moss, with the result that they become very slippery when wet, and that there are products which can be sprayed or brushed on such walks that will kill or remove the algae and moss.

It also appeared from the testimony offered by plaintiff that "you can't actually see" the algae on defendants' walkway, but only "some moss along the edge," and that plaintiff was walking down the center of what was described by plaintiff as a "flat brick walkway" when she slipped. It had rained earlier that

day but was not raining when plaintiff slipped and fell.

Defendants had purchased the house four months prior to the accident and had swept the walk but had never "cleaned" it with any "chemical substance." There was no evidence that defendants previously knew anything about algae on brick walks, much less that they knew previously that there was a growth of algae on this walk. The only evidence offered by plaintiff on the issue of knowledge was that a week or 10 days after the accident Mrs. Inger told plaintiff that "she had slipped herself coming down the walkway" in approaching her car, apparently on the day of their conversation, and "found the stairs, the walkway much slippier than she had remembered them to be."

Under these facts, even upon application of the more lenient rules of liability applicable in actions by business invitees such as customers of supermarkets, there was not sufficient evidence to establish that defendants knew or by the exercise of reasonable care would have discovered that their brick walkway was covered with an invisible growth of algae and should have realized that it constituted a condition which involved an unreasonable risk of harm to the plaintiff. See *Stocking v. Sunset Square, Inc.,* 264 Or 151, 152, 504 P2d 100 (1972), citing 2 Restatement of Torts 2d 215-16, § 343 (1965).[1]

The judgment of the trial court is affirmed.

---

[1] 2 Restatement of Torts 2d 215-16, § 343 (1965), states the following rule:

"Dangerous Conditions Known to or Discoverable by Possessor

"A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

"(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

"(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

"(c) fails to exercise reasonable care to protect them against the danger."