Argued and submitted December 21, 1979, affirmed
February 5, reconsideration denied March 13,
petition for review allowed May 1, 1980

RAGNONE,
*Appellant-Cross-Respondent,*
*v.*
PORTLAND SCHOOL DISTRICT NO. 1J,
*Respondent-Cross-Appellant.*

(No. A7809 14371, CA 14807)

605 P2d 1217

[347]

Elden M. Rosenthal, Portland, argued the cause and filed the briefs for appellant-cross-respondent.

James B. Westwood, Portland, argued the cause for respondent-cross-appellant. With him on the brief were Miller, Anderson, Nash, Yerke & Wiener, and William B. Crow, Portland.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

The plaintiff sought to recover damages for personal injury sustained by her while on the premises of one of the defendant's schools. A judgment was entered for the plaintiff on a jury verdict. The trial court granted the defendant's motion for a judgment notwithstanding the verdict, from which the plaintiff has appealed. We affirm.[1]

The plaintiff was 61 years of age at the time of the trial. She had been employed as a cafeteria worker by the defendant at the Sellwood Middle School for several years. In the fall of 1977 the plaintiff took a leave of absence for medical reasons and on October 12, 1977, had major surgery performed. While recuperating, the plaintiff was asked by a fellow cafeteria worker to attend a small noontime birthday party for the cafeteria manager, Laura Adamoski, in the school cafeteria on November 18, 1977. The plaintiff was driven to the school by her son to attend the party. After the party was finished, the plaintiff remained because Mrs. Adamoski had promised to give her a ride home. About the time they were ready to leave, Mrs. Adamoski was summoned to the school office to answer a telephone call.

The plaintiff accompanied Mrs. Adamoski to the school office. They used the route "we always took" from the kitchen, across the adjoining gymnasium floor to a stairwell, and then up two flights of stairs to the school office.[2] While Mrs. Adamoski used the telephone the plaintiff "just sat there, talked to the two secretaries." The plaintiff and Mrs. Adamoski undertook to return to the kitchen to pick up their coats and purses by the same route. On the trip to the office the

---

[1] The defendant has cross-appealed. Because of the result we reach in this case it is unnecessary to set out the defendant's assignments of error.

[2] There was a longer alternate route from the kitchen through the school corridors to the office.

gymnasium was vacant, but on the return trip it was being used by a class of students playing ball. [3]

Prior to walking across the gym floor, Mrs. Adamoski "shouted at the children and asked them to please stand still until we reached the kitchen door and not to throw the ball * * *." The game did not stop. The gym teacher and the physical education aide were not present. The plaintiff and Mrs. Adamoski commenced walking across the gym floor. Mrs. Adamoski was walking behind and was watching the area to the rear of the plaintiff. When they were approximately two-thirds of the way to the kitchen, either one or two of the student boys bumped the plaintiff, who fell to the floor and broke her hip.

The plaintiff's second amended complaint alleged that the defendant was negligent in one or more of the following particulars:

"1. In directing plaintiff, and walking with plaintiff, across said cafeteria/gymnasium floor while a gym class was in session;

"2. In failing to maintain proper control and order over the students in said gym class; and
* * * * * * * * * *

"4. In failing to provide proper supervision of said gym class."

At the conclusion of the presentation of the evidence, the trial court granted the defendant's motion to strike the plaintiff's first allegation or specification of negligence.

The case was submitted to the jury on the plaintiff's second and fourth specifications of negligence. The jury returned a verdict assessing the plaintiff's total damages at $33,000 and finding the defendant 60

[3] The gym teacher testified that it was a low-structured game called bench ball. There were no teams. The object was to hit somebody with the ball below the shoulders. The group of students playing were seventh and eighth graders. The two student witnesses identified the game as "elimination."

The gymnasium in question was used as a cafeteria during the noon hour.

[350]

percent at fault. Judgment was entered on the verdict for the sum of $19,800. The defendant moved for a judgment notwithstanding the verdict. The trial court allowed the motion, ruling, "There was no active negligence committed by the defendant or its agents in this case. * * *"

The plaintiff has appealed and contends that the trial court erred (1) "in ruling there was no active negligence committed by the defendant, and in granting defendant's motion for judgment NOV upon said ground" and (2) "in striking plaintiff's first allegation of negligence at the conclusion of the case."

In support of her first assignment of error the plaintiff argues that she was an invitee and the defendant owed her a duty of reasonable care, but if it should be determined that the plaintiff was a licensee, the defendant was guilty of active or affirmative negligence in its failure to adequately supervise the students. The plaintiff further argues that the licensee/invitee distinction should be abolished in Oregon.

The distinction between a licensee and an invitee is pointed out by *Rich v. Tite Knot Pine Mill,* 245 Or 185, 421 P2d 370 (1966), at 191:

"A licensee is one who comes upon the premises for his own purposes with the consent of the possessor. * * * An invitee is one who comes upon the premises upon business which concerns the occupier, with the occupier's invitation, express or implied."

*See also* Restatement of Torts (Second) §§ 330, 332 (1965).

The undisputed facts and all favorable inferences therefrom show that the plaintiff's sole purpose in being at the school was to attend the birthday party for Mrs. Adamoski, and that the side trip to the school office was to visit with the secretaries. The plaintiff was a social guest. She was at the school for her own pleasure. Her visit had no connection with the education or feeding of the students.

[351]

A social guest is a licensee. The defendant had a duty not to injure the plaintiff by affirmative or active negligence. *Blystone v. Kiesel,* 247 Or 528, 431 P2d 262 (1967) (mother-in-law visiting on Mother's Day); *Fleck v. Nickerson,* 239 Or 641, 399 P2d 353 (1965) (mother visiting on son's birthday); *Baer v. Van Huffell,* 225 Or 30, 356 P2d 1069 (1960); *Burch v. Peterson,* 207 Or 232, 295 P2d 868 (1956) (friend to play bridge); *McHenry v. Howells,* 201 Or 697, 272 P2d 210 (1954) (mother visiting daughter).

The allegations of negligence in the above quoted specifications #2 and #4 of the plaintiff's second amended complaint, "failing to maintain proper control", and "failing to provide proper supervision," are allegations of passive negligence as opposed to affirmative negligence. They allege omissions by the defendant.

The plaintiff cites *Blystone v. Kiesel, supra,* where the defendant's mother-in-law was visiting in his home. The defendant was in the living room preparing to show home movies. The plaintiff mother-in-law went to a back bedroom to get her hearing aid. The defendant was a volunteer fireman. The electronic apparatus he kept as a signal of the outbreak of a fire "buzzed" or "squealed." The defendant ran across the living room into a hallway where he collided with the plaintiff, who was injured. The Supreme Court held that the defendant's action was affirmative or active negligence.

In this case the seventh or eighth grade boys who "bumped" into the plaintiff may have engaged in affirmative activity, but those are not the acts of negligence alleged in the second amended complaint.

The plaintiff's proof in support of specifications #2 and #4 did not tend to prove any negligence beyond failure to maintain proper control and failure to provide proper supervision.

[352]

The plaintiff has asked that this court abolish the distinction between licensees and invitees in Oregon. That is not the function of this court. The plaintiff cites *Rowland v. Christian,* 69 Cal 2d 108, 70 Cal Rptr 97, 443 P2d 561 (1968). The Oregon Supreme Court is aware of the *Rowland* case. *See Sargent v. Inger,* 274 Or 811, 548 P2d 1303 (1976).

In support of the plaintiff's second assignment of error she argues that Mrs. Adamoski was negligent in choosing the route to be taken by the plaintiff across the gymnasium floor.

In striking the plaintiff's specification of negligence #1 the trial court said:

" * * * It also wasn't her (Mrs. Adamoski) duty to do anything in respect to that. It was not the duty of the cafeteria employee to direct anybody anyplace. * * * That clearly is not within the scope of her (Mrs. Adamoski) employment or within her duties."

We agree with the trial court. There was no evidence to support the plaintiff's position that Mrs. Adamoski had the authority to choose the route.

Affirmed.