Argued and submitted June 3, remanded to the Court of Appeals
to dismiss this appeal for want of jurisdiction July 8, 1980

RAGNONE,
*Petitioner,*
*v.*
PORTLAND SCHOOL DISTRICT NO. 1J
*Respondent.*

(TC A7809 14371, CA 14807, SC 26870)

613 P2d 1052

Elden M. Rosenthal, P.C., Portland, argued the cause and filed the briefs for petitioner.

James N. Westwood, Portland, argued the cause and filed a brief for respondent. With him on the brief were Miller, Anderson, Nash, Yerke & Wiener, and William B. Crow, Portland.

Before Denecke, Chief Justice, and Tongue, Howell, Lent, Linde, and Peterson, Justices.

LENT, J.

## LENT, J.

The issue is whether there is appellate jurisdiction. Plaintiff had judgment upon a jury verdict. The trial court allowed defendant's motion for judgment notwithstanding the verdict, and plaintiff appealed to the Court of Appeals, which affirmed. *Ragnone v. Portland Sch. Dist. No. 1J,* 44 Or App 347, 605 P2d 1217 (1980). We allowed plaintiff's petition for review, ORS 2.520; 289 Or 71 (1980).

During oral argument in this court on June 3, 1980, we questioned whether there was appellate jurisdiction, ORS 2.516 and 19.010. Pursuant to this court's request a memorandum has been filed since the time of oral argument asserting that appellate jurisdiction does obtain. Both parties joined in that memorandum. We reluctantly have come to the conclusion that the Court of Appeals had no jurisdiction.

■■   Before a court may grant relief to a litigant, there must be some identifiable source of power to enter upon an inquiry of the merits of the claim, *Abrahamson v. Northwestern P. & P. Co.,* 141 Or 339, 343, 15 P2d 472, 17 P2d 1117 (1933). There is no common law appellate jurisdiction in the Court of Appeals, *J. Gregcin, Inc. v. City of Dayton,* 287 Or 709, 601 P2d 1254 (1979), or in this court, *Longee v. Carter,* 283 Or 93, 582 P2d 1 (1978).[1]

---

[1] *See,* also, Or Const. Art VII (Orig.), § 6:

"The Supreme Court shall have jurisdiction only to revise the *final* decisions of the Circuit Courts * * *." (emphasis added)

Further note Or Const. Art VII (Amend.), § 2:

"The courts, jurisdiction, and judicial system of Oregon, except so far as expressly changed by this amendment, shall remain as at present constituted until otherwise provided by law. But the supreme court may, in its own discretion, take original jurisdiction in mandamus, quo warranto and habeas corpus proceedings."

In *McGarger v. Moore,* 89 Or 597, 599, 175 P 77 (1918), after noting these constitutional provisions we said:

"This court, therefore, is one of limited jurisdiction aside from the instances just mentioned. It cannot acquire authority to act except in

■    After defendant filed its motion for judgment notwithstanding the verdict or, alternatively, for a new trial, the trial judge sent a letter dated June 14, 1979, to counsel for the respective parties:

"The Defendant's Motion for Judgment Notwithstanding the Verdict is allowed.

"There was no active negligence committed by the defendant or its agents in this case. The other matters raised by the defendant are absolutely without merit."

A photocopy of the letter was placed in the trial court file. On the same date the judge signed an "ORDER" as follows:

"Defendant's Motion for Judgment Notwithstanding the Verdict is allowed."

It is conceded that prior to June 22, 1979, there was no document made and entered giving judgment in favor of defendant and against plaintiff.

On June 22, 1979, plaintiff filed a notice of appeal

"from the Order granting Defendant's Motion for Judgment Notwithstanding the Verdict entered herein on the 14th day of June, 1979 * * *."[2]

On July 26, 1979,[3] defendant filed a notice of cross-appeal, in which defendant

------

the manner provided by statute, in a case of the kind before us, and can exercise only power expressly conferred upon it by statute. Except in the stated instances of our original jurisdiction, authority of this court to hear and determine a case is derived from perfection of an appeal."

That appellate jurisdiction has now been transferred by statute to the Court of Appeals. ORS 2.516.

[2] No copy of the order appealed from was attached to the original of the Notice of Appeal as required by Rule 2.10, Rules of Appellate Procedure, but we do not reach the effect of that failure by reason of our finding of want of jurisdiction on other grounds.

[3] It appears that the notice of cross-appeal may have been filed two days too late under ORS 19.026 since it was not filed within ten days after 30 days after the entry of the order of June 14, 1979. Also, no copy of the order appealed from was attached to the original of the Notice of Cross-Appeal. We do not reach the effect of those matters because of our finding want of appellate jurisdiction on another basis.

"cross-appeals to the Court of Appeals of the State of Oregon from the order of judgment notwithstanding the verdict, entered June 14, 1979, * * *."

Plaintiff has correctly described the document from which she has attempted to appeal as being an order granting a motion. Defendant has not described any document to be found in the trial court file, for there is no "order of judgment notwithstanding the verdict."

The dissent asserts that the order allowing the motion effectively terminated the case on its merits in favor of the defendant and forever precluded recovery by the plaintiff. We disagree. The order only put the case in a posture for the entry of a *judgment* which would have had that effect.

■ ■ Of course it is true that the resulting lack of an appealable judgment under the statute is a matter of "form," as the dissent says, though we would not describe it as a "triumph." In some areas of the law, particularly in matters of procedure, it has been thought desirable on balance that trial courts and counsel can rely on the predictable consequences of prescribed procedures. This advantage would be weakened if courts yielded to the frequently natural urge to sacrifice "form" for "substance." In any event, although rules of procedure might be written to leave this room for flexibility in the individual case, they do not now do so. There may be close questions as to whether a given document made and entered by a trial court judge is a judgment or decree, or is to be deemed a judgment or decree under ORS 19.010(2), but that closeness does not create a "gray area" of appellate jurisdiction delimited by our whim or the desires of the parties. We must decide whether the document is, or is to be deemed, a judgment or decree. If it is, there is jurisdiction; if it is not, there is no jurisdiction.

■ Despite the fact that both parties have conceded there was no document made and entered giving judgment or judgment notwithstanding the verdict,

they urge that the order appealed from is a judgment, for the purposes of appeal, under ORS 19.010, which in pertinent part provides:

"(1)   A judgment or decree may be reviewed upon appeal * * *.

"(2)   For the purpose of being reviewed upon appeal the following shall be deemed a judgment or decree:

"(a)   An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein.

"* * * * *

"(c)   A final order affecting a substantial right and made in a proceeding after judgment or decree."

The statute specifies that it is a "judgment or decree" which may be reviewed upon appeal. The statute then provides that certain kinds of orders are "deemed" to be judgments or decrees for the purpose of review upon appeal.

The parties have cited ORS 19.010(2)(a) as being relevant but do not really argue its efficaciousness. It is enough for us to point out that the order of June 14, 1979, does not *prevent* a judgment, but rather paves the way for one.

The parties really assert the applicability of ORS 19.010(2)(c). They cite no case which has treated an order allowing a motion for judgment notwithstanding the verdict as coming within the statute. Our own research discloses no such case. That statute has been held applicable to the kinds of orders which may be entered after supplementary proceedings flowing from the judgment or decree upon the merits of the cause. Examples of that kind of order are to be found in the annotations compiled by the staff of Legislative Counsel Committee and printed in ORS volume 7 at pages 193-194. The order of June 14, 1979, is not such an order. Quite to the contrary, that order is one allowing a motion, the purpose of which is to render a nullity the only judgment entered in the cause.

The parties cite *Barr v. Linnton Plywood Ass'n,* 223 Or 541, 352 P2d 596, 355 P2d 256 (1960) as permitting an appeal from an order allowing a motion for judgment notwithstanding the verdict. We do not so read the case. There the trial court entered an order (in pertinent part) as follows:

> "ORDERED that the verdict of the jury * * * and the judgment in favor of the plaintiff and against the defendant * * * be and the same are hereby vacated and set aside, and
>
> "IT IS FURTHER ORDERED that a new trial be had in this cause."

Initially this court considered that to be an order under then ORS 18.140(3),[4] which required that when a motion was for judgment notwithstanding the verdict or, alternatively, for a new trial, and the trial court allowed the motion for judgment notwithstanding the verdict, it should also rule on the motion for new trial. Both parties filed motions from which it appeared that the parties had considered the order of the trial court to be one setting aside the judgment and granting a new trial. It is to be remembered that an order setting aside a judgment and granting a new trial was an appealable order under ORS 19.010(2)(d). The decision in *Barr* is simply that the order was not one granting a new trial, but was rather an order granting judgment notwithstanding the verdict. There is nothing in that decision to suggest that either the court or the parties were concerned with jurisdiction. Until the decision of the court was rendered that the order was not one setting aside a judgment and granting a new trial, the appellant was in the position of prosecuting an appeal under ORS 19.010(2)(d).

We order that this matter be remanded to the Court of Appeals to dismiss the instant appeal[5] for want of jurisdiction.

---

[4] ORS 18.140 has been repealed, Or Laws 1979, ch 284, § 199. See ORCP 63 C.

[5] The parties have informed us that a judgment has now been entered in the trial court on June 6, 1980, and an appeal taken therefrom to the Court of Appeals on June 10, 1980. Nothing concerning that appeal is now before us.

**TONGUE, J.,** Dissenting.

I respectfully dissent because I believe that the technicality which provides the basis for the dismissal of this appeal by the majority, thus delaying, if not avoiding, the decision of a difficult and important question which needs to be decided by this court, represents a triumph of form over substance.

This court allowed plaintiff's petition for review in this case because of the importance of the question whether not only the Court of Appeals, but the prior decisions by this court, were correct in holding that although a landowner owes a duty of reasonable care to a business guest or invitee who comes upon his property and is injured because of its defective condition, a landowner is not liable for injury to a social guest (licensee) who comes upon his property in the absence of "active or affirmative" negligence, as distinguished from "passive negligence." *See Blystone v. Kiesel,* 247 Or 528, 431 P2d 262 (1967). Some other courts have abandoned that distinction. *See, e.g., Rowland v. Christian,* 69 Cal 2d 108, 70 Cal Rptr 97, 443 P2d 561 (1968).

As stated by the majority, after a verdict in favor of the plaintiff in this case, defendant filed a motion for a judgment notwithstanding the verdict and an order was entered allowing that motion. Plaintiff then appealed from that order. No question relating to the propriety of that appeal was raised by either the defendant (which cross-appealed) or by the Court of Appeals.

It was not until after the allowance by this court of plaintiff's petition for review of the decision of the Court of Appeals, affirming that ruling by the trial court, and at the time of oral argument before this court, that a member of this court, sua sponte, raised the question of the appealability of that order. Supplemental memoranda were then submitted by the parties, both contending that the order was an appealable

order and that this court has jurisdiction to decide this case.

The majority lays emphasis upon the fact that the parties "cite no case which has treated an order allowing a motion for a judgment notwithstanding the verdict as coming within the statute" (ORS 19.010), and that *Barr v. Linnton Plywood Ass'n.,* 223 Or 541, 352 P2d 596, 355 P2d 256 (1960), as cited by them, is not directly in point. In recent years, however, the majority of this court has not felt restrained either by stare decisis or by lack of precedent in making new law on subjects not previously presented for decision.

In deciding whether an order entered by a trial court is an appealable order, the primary consideration is not whether costs and disbursements have been awarded, but whether the order in question is a "final order" in the sense that it is an order which is a "final determination of the rights of the parties." See 1 Freeman on Judgments, 55, § 33 (1925) as quoted with approval by this court in *David M. Scott Construction v. Farrell,* 285 Or 563, 568, 592 P2d 551 (1979). *Cf. Farmers Ins. Co. v. Lotches,* 276 Or 81, 84, 554 P2d 169 (1976).

The order in this case satisfied that basic requirement because it effectively terminated the case on its merits in favor of the defendant and forever precluded recovery by the plaintiff. It was also so regarded and acted upon not only by both of the parties, but also by the Court of Appeals. To now hold that under these facts and circumstances this order was not an appealable order because it did not bear the label "judgment" is simply to ignore reality in favor of technicality and to emphasize form over substance.

In addition, since a member of this court raised the question of the appealability of this order at the time of oral argument of this case, both parties have joined in a motion by which, among other things, they request leave to supplement the record in this case by inclusion of a formal judgment in favor of

defendant entered on June 6, 1980, together with a notice of appeal on June 10, 1980, from that judgment. The parties have also stipulated that the filing of further briefs be waived and have joined in a motion for an "expedited appeal." The majority has disposed of that motion by a footnote.

Although it is true that jurisdiction cannot be conferred upon a court by stipulation of the parties, now that a formal judgment has been entered in the case, so as to satisfy the primary objection raised by the majority, I am of the opinion that this motion by the parties provides a proper and practical basis upon which this court may and should now proceed to decide the merits of this case, rather than force upon the parties the substantial delay that will necessarily result from the taking of a further futile appeal to the Court of Appeals.

In its present capacity as a court of review, the primary function of this court is to review decisions by the Court of Appeals which may make or perpetuate "bad law." In my opinion, once this court has, for that reason, allowed a petition for review of a decision by the Court of Appeals, it should then proceed to decide the merits of the question which provided the reason for allowance of the petition for review, rather than "look under the bed" for "ghosts" of jurisdictional defects or other reasons to avoid or delay the decision of such a question. *Cf.* dissenting opinion in *State v. Beason,* 289 Or 215, 217, 611 P2d 1150 (1980). The dismissal by the majority of this petition for review will, at the least, result in a substantial delay in any recovery by the injured plaintiff in this case, in the event that she is ultimately held to be entitled to recovery, and will also delay a final resolution of the question of the liability of the school district in this and other similar cases, in the event that it is ultimately held not to be liable for the injury to the plaintiff in this case. *Cf.* specially concurring opinion in *State v. Classen,* 285 Or 221, 238, 590 P2d 1198 (1979).

For these reasons I respectfully dissent.