Argued and submitted February 9, affirmed April 19, 1983

GIBSON et al,
*Petitioners on review,*
*v.*
BENJ. FRANKLIN FEDERAL SAVINGS
AND LOAN ASSOCIATION,
*Respondent on review.*

(CA A23761, SC 28829)

662 P2d 703

Phil Goldsmith, Portland, argued the cause for petitioners on review. With him on the petition were Henry A. Carey and John D. Ryan, P.C., Portland.

Edward Murphy, Jr., Portland, argued the cause for respondent on review. With him on the response to the petition was Wheelock, Niehaus, Hanna, Murphy, Green & Osaka, Portland.

Before Lent, Chief Justice, and Peterson, Campbell, Roberts, Carson, and Jones, Justices.

PETERSON, J.

Jones, J., concurring opinion.

Lent, C. J., dissenting opinion.

## PETERSON, J.

ORCP 70 A. requires every judgment to "be in writing plainly labeled as a judgment and set forth in a separate document." The document from which this appeal is taken was entitled "FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT." It contained findings of fact and conclusions of law and concluded:

### "JUDGMENT ORDER

"1. Judgment is hereby entered in favor of defendant and against plaintiffs on all Counts of all of plaintiffs' Claims for Relief.

"2. Defendant shall recover its costs and disbursements incurred herein taxed at $_____.

"DATED at Portland, Oregon this 12th day of January, 1982.

/s/ JOHN C. BEATTY, JR.
Circuit Judge

Prepared and filed by
Circuit Judge John C. Beatty, Jr.
Department 5."

ORS 19.026(1) requires a notice of appeal to be filed "within 30 days after the entry of the judgment appealed from." The plaintiffs filed their notice of appeal more than 30 days after the "judgment" was entered.[1] Their attorney thereafter moved the Court of Appeals "for

---

[1] The notice of appeal states:

"1. Plaintiffs-Appellants hereby give notice of appeal from the judgment entered in this case in Multnomah County Circuit Court by Judge John C. Beatty, Jr. on January 15, 1982.

"* * * * *.

"4. Attached is a certified copy of the Judgment appealed from showing the date of entry in the trial court.

"* * * * *."

A certified copy of the document entitled, "FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT" was appended to the notice of appeal.

ORS 19.028 requires that, if filing is by mail, the appellant must mail the notice of appeal by registered or certified mail. The date of filing, when filing is pursuant to ORS 19.028, is the date of mailing. The plaintiffs mailed the notice of appeal by first class mail, rather than by registered or certified mail, and thus the notice of appeal was considered filed on the day it was received at the Court of Appeals, not when it was mailed.

an order dismissing this appeal as prematurely filed because no judgment appealable pursuant to ORS 19.010(1) has yet been entered." In their memorandum accompanying the motion the plaintiffs stated that "the purported judgment entered on January 15, 1982, is not an appealable final judgment because it does not comply with the mandatory requirement of ORCP 70 A. that every judgment be set forth in a separate document."

The defendant also moved to dismiss the plaintiffs' appeal, asserting that the appeal was not filed in time. ORS 19.033(2). The Court of Appeals granted the defendant's motion to dismiss. Although it wrote no opinion, implicit in its order is the conclusion that a judgment was entered, that the judgment was appealable, that the appeal was not timely and therefore the appeal should be dismissed.

The resolution of this case turns on whether the document entitled "FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT" was a "judgment" within the meaning of ORS 19.010 and ORCP 70. This court has steadfastly applied the rule that the right of appeal is purely statutory. Unless the order from which an appeal is taken is a final order or judgment within the meaning of the appropriate statute, the appellate court has no jurisdiction of the case. *State v. Security Savings Co.,* 28 Or 410, 417, 43 P 162 (1896).

ORS 19.010(1) provides that "[a] judgment or decree may be reviewed on appeal. * * *" There is no definition of a "judgment" in ORS chapter 19. ORCP 67 A. defines judgment as follows:

" 'Judgment' as used in these rules is the final determination of the rights of the parties in an action; * * *."

ORCP 70 A. concerns the requirements for a judgment. It provides:

"Every judgment shall be in writing plainly labeled as a judgment and set forth in a separate document. A default or stipulated judgment may have appended or subjoined thereto such affidavits, certificates, motions, stipulations, and exhibits as may be necessary or proper in support of the entry thereof. No particular form of words is required, but every judgment shall specify clearly the party or parties in whose favor it is given and against whom it is given

and the relief granted or other determination of the action. The judgment shall be signed by the court or judge rendering such judgment or, in the case of judgment entered pursuant to Rule 69 B.(1), by the clerk."

The final document in this case meets all the requirements of ORCP 70 A. except that its "judgment" section is not on a separate document independently entitled "judgment."[2]

ORCP 70 B. concerns entry of judgments and provides in relevant part:

"(1) All judgments shall be filed and shall be entered by the clerk. The clerk shall, on the date judgment is entered, mail a notice of the date of entry of the judgment to the attorneys of record, if any, of each party who is not in default for failure to appear. If a party who is not in default for failure to appear does not have an attorney of record, such notice shall be mailed to the party. The clerk also shall make a note in the judgment docket of the mailing. In the entry of all judgments, except a judgment by default under Rule 69 B.(1), the clerk shall be subject to the direction of the court. Entry of judgment shall not be delayed for taxation of costs, disbursements, and attorney fees under Rule 68.

"(2) Notwithstanding ORS 3.070 or any other rule or statute, for purposes of these rules, a judgment is effective only when entered as provided in this rule.

"* * * * *"

The Council on Court Procedures (Council) is charged with the responsibility for promulgating rules "governing pleading, practice and procedure * * * in all civil proceedings in all courts of the state * * *" which, after submission to the legislature, go into effect unless the legislature amends or repeals them. ORS 1.735. ORCP 70 A. was promulgated by the Council on December 13, 1980, and became effective on January 1, 1982. Or Laws 1981, ch 898, § 1.

ORCP 70 A. and 70 B. are patterned after their federal counterpart, FRCP 58. There are, however, significant differences. The rules are set forth below to contrast the differences.

---

[2] The defendant argues that this "judgment" is "set forth on a separate document." We assume, without deciding, that it is not.

## FRCP 58

"* * * Every judgment shall be set forth on a separate document. *A judgment is effective only when so set forth and when entered as provided in Rule 79(a).* Entry of the judgment shall not be delayed for the taxing of costs. *Attorneys shall not submit forms of judgment except upon direction of the court, and these directions shall not be given as a matter of course.*" (Emphasis added.)

## ORCP 70

70 A.:
*"Every judgment shall be in writing plainly labeled as a judgment and set forth in a separate document.* * * * No particular form of words is required, but *every judgment shall specify clearly the party or parties in whose favor it is given and against whom it is given* and the relief granted or other determination of the action. The judgment shall be signed by the court or judge rendering such judgment * * *."

70 B.(1):
"All judgments shall be filed and shall be entered by the clerk. * * *"

70 B.(2):
"Notwithstanding ORS 3.070 or any other rule or statute, for purposes of these rules, *a judgment is effective only when entered as provided in this rule.*"

70 C.:
"Attorneys shall submit * * * judgment * * *."

FRCP 58 states that a judgment is effective only if (1) it is set forth on a separate document, *and* (2) it is entered as provided in Rule 79(a). ORCP 70 B.(2) makes effectiveness conditional only upon entry—"a judgment is effective only when entered as provided in this rule." The separate document requirement is not an express condition to effectiveness.

There is a further practical difference, involving attorneys' participation in the preparation of the judgment, a difference of which the council was aware, and which resulted in the promulgation of ORCP 70 C. (later amended

by the legislature in a minor particular, Or Laws 1981, ch 898, § 9). FRCP 58 concludes with this sentence:

"Attorneys shall not submit forms of judgment except upon direction of the court, and these directions shall not be given as a matter of course."

By contrast, ORCP 70 C. provides:

"Attorneys shall submit proposed forms of judgment at the direction of the court rendering the judgment. When so ordered by the court, the proposed form of judgment shall be served five days prior to the submission of judgment in accordance with Rule 9 B. The proposed form of judgment shall be filed and proof of service made in accordance with Rule 9 C."

Concerning ORCP 70 C., this Comment to Rule 70, October 15, 1979, Draft of Proposed Oregon Rules of Civil Procedure, page 56, is pertinent:

"Federal Rule 58 states the following:

" 'Attorneys shall not submit forms of judgment except upon direction of the court, and these directions shall not be given as a matter of course.'

"The argument for discouraging the preparation of judgments by the parties is:

"(a) To avoid delay, and

"(b) To emphasize that the responsibility to prepare the judgment rests with the court and not with the prevailing party.

"The approach used in section 70 C., however, is more in line with actual practice in Oregon. It is based on an assumption that there is a substantial value and saving of court time in having participation of the parties and that the trial judge is in the best position to make the determination whether or not they should be involved in the process of preparing the judgment."

In the federal courts, judgments are often prepared and entered by the clerk (unless the judge otherwise orders) without participation of the attorneys.

The Committee Note of 1963 explains the purpose of the separate document requirement of Rule 58:

"Hitherto some difficulty has arisen, chiefly where the court has written an opinion or memorandum containing

some apparently directive or dispositive words, e.g., 'the plaintiff's motion [for summary judgment] is granted,' see *United States v. F. & M. Schaefer Brewing Co.,* 356 US 227, 229, 78 S Ct 674, 2 L Ed 2d 72 (1958). Clerks on occasion have viewed these opinions or memoranda as being in themselves a sufficient basis for entering judgment in the civil docket as provided by Rule 79(a). However, where the opinion or memorandum has not contained all the elements of a judgment, or where the judge has later signed a formal judgment, it has become a matter of doubt whether the purported entry of judgment was effective, starting the time running for post-verdict motions and for the purpose of appeal.

"The amended rule eliminates these uncertainties by requiring that there be a judgment set out on a separate document—distinct from any opinion or memorandum— which provides the basis for the entry of judgment." (Citations omitted.)

A common practice in Oregon is for the lawyers to either prepare or participate in the preparation of the judgment. This case exemplifies the common practice. The letter opinion of the trial judge herein concluded: "Counsel for defendant may submit findings." Thereafter, both lawyers submitted proposed forms of findings, conclusions and judgment. Finally, on January 12, 1982, the judge prepared and signed the document entitled "FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDGMENT," and wrote counsel that he had done so.

As stated, unlike its federal counterpart, effectiveness of an Oregon judgment is not expressly made conditional upon the separate document requirement of ORCP 70 A. And unlike FRCP 58, in Oregon clerks do not prepare the judgments; the attorneys (particularly in complex cases such as this case) routinely participate in the preparation of the judgment. These significant differences point to the conclusion that it was not intended that the separate document requirement be jurisdictional.

Beyond question, the drafters sought to achieve the same goal as did the framers of FRCP 58—certainty as to what is a judgment and when the judgment is entered. The substantial differences between ORCP 70 and FRCP 58 and the express language of ORCP 70 A. lead us to conclude, however, that a judgment which otherwise meets the

requirements of ORCP 70A. is not ineffective because it is not set forth on a separate document.

Oregon has not experienced the widespread confusion which led the federal courts to promulgate the separate document requirement. This case is typical. There has never been any confusion in the parties' minds that judgment was entered. Plaintiffs' attorney was involved in the proceedings leading to the preparation of the document, and appended a copy of it to his notice of appeal ["Attached is a certified copy of the Judgment appealed from * * *"]. But for the attorney's failure timely to file the notice of appeal, the question would never have been raised.

We have consistently adhered to the requirement that a *judgment* be entered, and that no appeal will lie from a nonappealable order. *See, e.g., Ragnone v. Portland School District No. 1J*, 289 Or 339, 613 P2d 1052 (1980), in which this court dismissed an appeal from an order granting the defendant's motion for judgment n.o.v. because no judgment had been entered for the defendant. *Ragnone* contains this discussion:

> "Of course it is true that the resulting lack of an appealable judgment under the statute is a matter of 'form,' as the dissent says, though we would not describe it as a 'triumph.' In some areas of the law, particularly in matters of procedure, it has been thought desirable on balance that trial courts and counsel can rely on the predictable consequences of prescribed procedures. This advantage would be weakened if courts yielded to the frequently natural urge to sacrifice 'form' for 'substance.' In any event, although rules of procedure might be written to leave this room for flexibility in the individual case, they do not now do so. There may be close questions as to whether a given document made and entered by a trial court judge is a judgment or decree, or is to be deemed a judgment or decree under ORS 19.010(2), but that closeness does not create a 'gray area' of appellate jurisdiction delimited by our whim or the desires of the parties. We must decide whether the document is, or is to be deemed, a judgment or decree. If it is, there is jurisdiction; if it is not, there is no jurisdiction." 289 Or at 343.

Although the contrary conclusion is arguable, we believe that the Council promulgated the separate document requirement in order to further certainty, but not

with the intention that the requirement be jurisdictional. Here, the failure to comply with the separate document requirement is a matter of form only.[3]

The Court of Appeals is affirmed.

**JONES, J.,** concurring.

I concur with the result reached in this case, but wish to emphasize that ORCP 70 A. should be followed in every case and that every judgment should be set forth in a separate document and plainly labeled as a judgment.

As a trial judge I signed hundreds of documents with the identical label used in this case of "Findings of Fact, Conclusions of Law and Judgment." Members of the trial bench found this to be a most expedient method of disposing of cases and closing the file. However, we have a new rule and we should all live with it and abide by it. This decision should not be an open invitation to ignore ORCP 70 A. On the contrary, it should be a command to follow it.

**LENT, C. J.,** dissenting.

The majority assumes, *arguendo,* at footnote 2 that the judgment is not set forth as a separate document as required by ORCP 70 A. Having so assumed, the majority excuses the failure to comply with the mandate of the rule by comparing it with the analogous federal rule. Noting that the federal rule makes the judgment effective only if there is compliance, but that that provision is absent from the state rule, the majority finds that our rule should be construed differently because ORCP 70 B.(2) makes effectiveness dependent upon "entry" by the clerk of court.

---

[3] We also are concerned with other practical consequences should we hold that the separate document requirement is jurisdictional. We know that hundreds of "judgments" have been entered in Oregon courts which are in the form of the final document in the case at bar. Under the plaintiffs' reasoning, those cases remain open, no judgment having been entered. We by no means recommend that the separate document be ignored. It should be followed.

The phrase "judgment order" used in the document at issue in this case is a contradiction in terms and should not be used. A "judgment" is the "final determination of the rights of the parties in an action." An order is "any other determination * * * which is intermediate in nature." ORCP 67 A. A judgment is distinct from an order. Needless confusion and potential error may arise when the expression is used. *See Cenci v. The Ellison Company,* 289 Or 603, 606, 617 P2d 254 (1980).

What is it that can become effective by reason of having been entered by the clerk pursuant to ORCP 70 B.(2)? It is a judgment; and what is a judgment? ORCP 70 A. answers that it is a "writing plainly labelled as a judgment and set forth in a separate document." This writing does not comply with the command of the rule; therefore, its entry by a clerk cannot make it effective.

The majority is unwilling to uphold the defendant's contention that this "judgment" is set forth in a separate document, and rightly so, for that would run counter to the obvious purpose and text of the rule.

The concurring opinion's implicit premise is that the writing in this case is not set forth as a separate document, but the writer, just as did the majority, takes note that the mandate of the rule is constantly ignored and to enforce it might have adverse consequences for others not party to this case. The exhortation for judges and lawyers to follow the rule in the future concedes the present failure to comply and should lead the writer to part company with the majority, not to join it.

If the rule is a bad one it should be changed. Until that time it should be followed. The failure of this court to enforce the rule in this case will mean that the rule can never be enforced, unless the next time a failure to comply with the rule is before us, we confess that expediency in this case caused us to construe our way around the rule and that our result here was an aberration.

I dissent.